United States District Court
Southern District of Texas
FILED

JAN 14 2002

Michael N. Milby
Clerk of Court

B-02-006

AO 243 (Rev 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | District For the Southern District of Texas | |
|---|---|---|
| Name of Movant<br>Jose Fidel Trevino | Prisoner No.<br>77403-079 | Case No<br>1:00CR00276-001 |

Place of Confinement
FCI Forrest City, P.O. Box 9000 Forrest City, Arkansas 72336-9000

UNITED STATES OF AMERICA       V       JOSE FIDEL TREVINO
(name under which convicted)

## MOTION

1  Name and location of court which entered the judgment of conviction **under attack** In the United States District Court for the Southern District of Texas

2  Date of judgment of conviction January 12, 2000

3  Length of sentence 120 months

4  Nature of offense involved (all counts) Count 1: Conspiracy to possess with intent to distribute a quantity exceeding 100 Kilograms of marihuana, in violation of 21 U.S.C. §§ 846 841(a)(1) and 841(b)(1)(B).  Count 2: Possession with intent to distribute a quantity more than 100 Kilograms, that is, approximately 208.6 of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

5  What was your plea? (Check one)
(a) Not guilty  ☐
(b) Guilty  ☒
(c) Nolo contendere  ☐

If you entered a guilty plea to one count of indictment, and a not guilty plea to another count or indictment, give details
N/A

6  If you pleaded not guilty, what kind of trial did you have? (Check one)
(a) Jury  ☐
(b) Judge only  ☐

7  Did you testify at the trial?
Yes ☐ No ☒

8  Did you appeal from the judgment of conviction?
Yes ☐ No ☒

AO 243 (Rev 5/85)

9   If you did appeal, answer the following

    (a) Name of court _____N/A_____

    (b) Result _____

    (c) Date of result _____

10  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒x

11  If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

       (2) Nature of proceeding _____

           _____

       (3) Grounds raised_____

           _____

           _____

           _____

           _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐ No ☐

       (5) Result_____

       (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

           _____

       (3) Grounds raised_____

           _____

           _____

           _____

           _____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc        Yes ☐ No ☐
(2) Second petition, etc      Yes ☐ No

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States  Summarize briefly the facts supporting each ground  If necessary, you may attach pages stating additional grounds and facts supporting same

CAUTION  If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings  Each statement preceded by a letter constitutes a separate ground for possible relief  You may raise any grounds which you may have other than those listed  However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully

Do not check any of these listed grounds  If you select one or more of these grounds for relief, you must allege facts  The motion will be returned to you if you merely check (a) through (j) or any one of the grounds

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea

(b) Conviction obtained by use of coerced confession

AO 243 (Rev 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest
(e) Conviction obtained by a violation of the privilege against self-incrimination
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant
(g) Conviction obtained by a violation of the protection against double jeopardy
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled
(i) Denial of effective assistance of counsel
(j) Denial of right of appeal

A. Ground one   KNOWING AND VOLUNTARY PLEA

Supporting FACTS (state *briefly* without citing cases or law)  SEE MEMORANDUM OF LAW

B. Ground two   INEFFECTIVE ASSISTANCE OF COUNSEL

Supporting FACTS (state *briefly* without citing cases or law)  SEE MEMORANDUM OF LAW

C. Ground three   INDICTMENT IS JURISDICTIONALLY DEFECTIVE

Supporting FACTS (state *briefly* without citing cases or law)  SEE MEMORANDUM OF LAW

13. If [illegible] B, C, and D were not previously presented, state briefly what grounds were not so presented [illegible] for not presenting them: _____

Petitioner did not file a direct appeal and is claiming ineffective assistance

of counsel for not presenting the issues to the court.

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _Edward A. Stapleton, III, Attorney, 600 E. Harrison St. #102_

_Brownsville, Texas 78522-2163_

(b) At arraignment and plea _Edward A. Stapleton, III (address same as above)_

_____

(c) At trial _N/A_

_____

_____

(d) At sentencing _Edward A. Stapleton, III (address same as above)_

_____

AO 243 (Rev. 5/85)

(e) On appeal __N/A_____

_____

(f) In any post-conviction proceeding __N/A_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding __N/A_____

_____

16  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒x

17  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒x

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence. _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct  Executed on

_January 7 2002_
(date)

_Jose Fidel Escobia_
Signature of Movant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSE FIDEL TREVINO §<br>　　　　Petitioner/Movant §<br>　　　　　　　　　　　　　　§ | Case No._____ |
| v. 　　　　　　　　　　　　　§ | Docket No. 1:00CR00276-001 |
| 　　　　　　　　　　　　　　§ | |
| UNITED STATES OF AMERICA §<br>　　　　Respondent/Defendant § | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE FOR A PERSON IN FEDERAL CUSTODY PURSUANT TO TITLE 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** JOSE FIDEL TREVINO, herein Petitioner, acting in propia persona, makes and files this, his Motion to Vacate, Set Aside, or Correct a Sentence for a Person in Federal Custody, Pursuant to Title 28 U.S.C. § 2255.

### JURISDICTION

This Court has jurisdiction in this case pursuant to Title 28 U.S.C. § 2255, thereby, giving this Court the authority to entertain this Motion.

## STATEMENT OF THE CASE

On July 5, 2000, a Federal Grand Jury in Brownsville, Texas returned a two-count indictment against Petitioner, Jesus Evorio Trevino, Rogelio Amaro Reyna and Horacio Alanis Grimaldo which charged them as follows:

Count 1:  Conspiracy to possess with intent to distribute a quantity exceeding 100 Kilograms of marihuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B).

Count 2:  Possession with intent to distribute a quantity more than 100 Kilograms, that is, approximately 208.6 kilograms (approximately 459 pounds) of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

On August 11, 2000, the government filed an Information to Establish Prior Conviction on Petitioner for enhancement provisions, pursuant to 21 U.S.C. § 841(b)(1)(B).

On September 19, 2000, Petitioner entered a plea of guilty to Count 1 of the indictment.  There was a written Rule 11(e)(1)(B) plea agreement in which the government recommends that Petitioner is eligible for acceptance of responsibility, a sentence of 120 months in custody and the dismissal of Count 2 at the time of sentencing.  Furthermore, the United States agrees not to prosecute any illegal re-entry charges stemming from the Petitioner's entry into this country as a result of the instant offense.  The government also recommended that Petitioner receive five months custody in Criminal Docket No. 1:97CR00388-003 and that the revocation run concurrently with the sentence in the instant case.

2

## STATEMENT OF THE FACTS

In early April 2000, Rogelio Amaro Reyna had a business meeting with an undercover informant(CI).  Reyna was interested in securing investors for a business venture in Mexico.  During the meeting, the CI advised subject Reyna that he had a tractor trailer to move illegal drugs within the United States.  Mr. Reyna advised business associate Horacio Alanis Grimaldo that the CI was interested in moving illegal narcotics within the United States.  Horacio Alanis Grimaldo negotiated with the CI the transportation of marihuana from Brownsville, Texas to Florida.

On April 7, 2000, the CI was contracted by Mr. Grimaldo to transport 1,200 pounds of marihuana from Brownsville, Texas to Fort Myers, Florida.  The source was promised $50,000.00 for his transportation services and the parties agreed payment would be received upon delivery in Fort Myers, Florida.  The CI was given a one ounce sample of marihuana from the 1,200 pound load and was advised to be prepared to transfer the marihuana load in eight to ten days.

On April 15, 2000, Horacio Alanis Grimaldo and Rogelio Amaro Reyna advised the CI that a marihuana load would be received from Mexico on the above-said date.  Agents with the Federal Bureau of Investigation (FBI) and the U.S. Customs Service conducted physical surveillance o a meeting between the CI and Horacio Alanis Grimaldo.  The U.S. Customs Service provided the CI a load vehicle and the CI drove the load vehicle to a residence in north Brownsville, Texas.  At approximately

3

2:20 p.m., Horacio Grimaldo arrived at the north Brownsville residence and met with the CI.   Shortly thereafter, Horacio Grimaldo and the informant departed the residence in separate vehicles.   The CI followed Grimaldo in the load vehicle to 5713 Southwest Road, a residence under construction.   The CI received approximately 54 pounds of marihuana at the Southmost residence which was turned over to the custody of the U.S. Customs Service. Alanis Grimaldo advised the CI that the remainder of the marihuana load would be delivered in small amounts by multiple vehicles at various points of entry in Brownsville, Texas until 1,200 pounds of marihuana were accrued.

On April 18, 2000, a marihuana load which totaled 77 pounds was intercepted by the Brownsville, Texas Police Department. Eleven pounds of marihuana were located by the police at 5713 Southmost Road and 66 pounds of marihuana were retrieved from a load vehicle located at the residence.

On April 20, 2000, subject Grimaldo informed the CI that "El Kelin" transported approximately 500 pounds of marihuana from Mexico into the United States for the Petitioner.   Horacio Alanis Grimaldo advised the CI that he needed to pick up the marihuana load at C & C Wings, a local restaurant.   At approximately 1:00 p.m. Grimaldo and Rogelio Amaro Reyna arrived at the restaurant with the loaded vehicle.   The CI took the loaded vehicle from the restaurant and delivered the marihuana to undercover agents at a predetermined location.   Once the marihuana was unloaded, the CI returned the vehicle to C & C Wings.   The marihuana delivered by Horacio Grimaldo and Rogelio

4

Reyna totaled 405 pounds.

On or about May 5 to May 8, 2000, a controlled delivery
of the 459 pound marihuana load was attempted in Fort Myers,
Florida.  Jesus Evorio Trevino and Horacio Alanis Grimaldo were
in Fort Myers, Florida, to receive the marihuana, but there
was a breakdown in negotiations and the controlled delivery
never materialized.

On June 12, 2000, a criminal complaint was filed by the
U.S. Customs Service which charged Petitioner, Jesus Evorio
Trevino, Rogelio Amaro Reyna and Horacio Alanis Grimaldo with
conspiracy and possession of more than 100 Kilograms of
marihuana.

"PRO-SE" TITLE 28 U.S.C. § 2255 FILING

A LESS STRINGENT STANDARD

Petitioner respectfully requests this Honorable Court to
hold Petitioner's "Pro-Se" Motion herein prepared and filed
pursuant to Title 28 U.S.C. § 2255 to a less stringent standard
than formal pleadings drafted by practicing attorneys as held
by the Supreme Court of the United States.  Further, Petitioner
asserts that this complaint should not be dismissed for failure
to state a claim, unless it appears beyond doubt that Petitioner
can prove no set of facts in support of his claim which would
entitle him to relief.  Haines v. Kerner, 404 U.S. 519, 30
L.Ed.2d 652, 92 S.Ct. 594 (1972).

5

**Murray v. Carrier**, 477 U.S. at 488, 106 S.Ct. at 2645.  But
where a trial, sentencing, or appellate counsel is
constitutionally ineffective, and his or her deficient
performance results in actual prejudice to the defendant, the
exceptional circumstances for the § 2255 remedy is apparent.
**Reed v. Ross,** 468 U.S. 1, 9, 104 S.Ct.2901, 2906, 82 L.Ed.2d
(1984).

Further, relief under 28 U.S.C. § 2255 is reserved for
transgressions of constitutional rights, claims, or errors and
will not bar habeas relief under § 2255, absent a delibarate
choice not to appeal made by conscious election.  **Kaufman v.
United States**, 394 U.S. 217, 220, n.3, 89 S.Ct. 1068, 1070-71,
n.3, 22 L.Ed.2d 227, 233-34 (1969); **Buckelew v. United States,**
575 F.2d 515, 519 (5th Cir. 1978).

## RIGHT TO APPEAL

A waiver of the right to appeal or challenge an unknown
sentence cannot be knowing and intelligent.

The United States District Court for the District of
Columbia has served notice that it will not accept guilty pleas
based on agreements that require the defendant to give broadly
worded waiver of the right to appeal or collaterally challenge
an as-yet unimposed sentence.  Such a plea cannot be knowing
or intelligent, the court said.  It was especially critical
of the Justice Department's policy evidenced in a memo sent
to the U.S. Attorney's Office by the acting head of the Criminal
Division, of trying to preserve its own sentence-appeal rights
while requiring defendants to relinquish theirs.

Likewise in a § 2255 proceeding, the District Court must accord the Petitioner an evidentiary hearing "unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." If the records are inadequate to show conclusively that the prisoner's contentions are without merit, the District Court must conduct a hearing. **Anderson v. United States**, 948 F.2d 704 (11th Cir. 1991).

Petitioner asserts that, it has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. **United States v. Addonizio**, 442 U.S. 178, 184 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805, 811 (1979). In determining whether a claim or error is cognizable under § 2255, a distinction is drawn between constitutional errors on the one hand, and mere errors of law on the other. See **Grimes v. United States**, 607 F.2d 6, 10-11 (2nd Cir. 1979).

Moreover, a petitioning "pro-se" prisoner whose claim is based on "a significant constitutional dimension," may invoke protections embodied in § 2255, "even though he could have raised the point on appeal and there was no sufficient reason for not doing so." See **United States v. Coke**, 404 F.2d 836, 846-47 (2nd Cir. 1968)(en banc).

Consequently, a defendant generally bears the risk of attorneys' errors which result in a procedural default. Such errors <u>cannot</u> be attributed to the defendant when counsel's performance in constitutionally ineffective. **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);

**United States v. Raynor**, D.C., Criminal no. 97-0186 (PLF)
12-29-97.

For all the defendant knows when he agrees to the bargain, the sentence subsequently imposed may turn out to be based on incorrect facts, or an incorrect application of the U.S. Sentencing Guidelines, the Court said.  This means the defendant does not really know what rights he is giving up at the time of the plea.  The court complained that by extracting such waivers, the government upsets the balance struck by Congress, which has provided for sentencing uniformity, the goal of the U.S. Sentencing Guidelines.  Another problem, the court continued, is that enforcement of this sort of waiver would prevent the courts from redressing instances in which defense counsel provided ineffective assistance of counsel.

When a defendant waives his right to appeal a sentence, however, he is freed of none of the uncertainties that surround the sentencing process in exchange for giving up the right to later challenge a possible erroneous application or interpretation of the Sentencing Guidelines or a sentencing statute.

A defendant cannot knowingly, intelligently and voluntarily give up the right to appeal a sentence that has yet been imposed and about which the defendant has no knowledge as to what will occur at the time of sentencing.

## COGNIZABLE ISSUES AND § 2255

The enactment of the Sentencing Reform Act of 1984 created a fundamental change in the manner in which sentences are imposed and reviewed in federal courts.  Under the Act, Judicial discretion in imposing sentences has been severely circumscribed, and in its stead, a comprehensive set of sentencing guidelines dictate the presumptive sentence that a given defendant should serve.  Through introduction of these guidelines, Congress sought to replace the disparity that has typified the discretionary sentence system, emphasizing uniformity, proportionality, and certain punishment.  **United States v. Mistretta**, 488 U.S. 361 (1989).

As part of the implementation of this system, Congress realized that appellate review of sentences is essential to assure that guidelines are applied properly and to provide law development of the appropriate reasons for sentencing outside the guidelines.  See, S. Rep. No. 225, 98th Cong., 2d Sess., 158 reprinted in 1984 U.S.C.C.A.N. 3182, 3342.  To ensure that the guidelines system operated in a manner which would provide a level o consistency in the imposition of sentences of similar individuals committing like offenses.  Congress enacted a provision, 18 U.S.C. § 3742, which affords both the defendant and the federal government the opportunity to present certain challenges on direct appeal concerning the guidelines sentence imposed by the District Court.  In conjunction with this provision, Congress also altered the District Court's authority under Rule 35 to correct any illegal sentences that might have

9

been imposed.  See <u>United States v. Blackwell</u>, 81 F.3d 945 (10th Cir. 1996).

Among other things, 18 U.S.C. § 3742 provides that either the defendant or the federal government may challenge, on direct appeal, a sentence imposed in violation of law, 18 U.S.C. § 3742(b)(1).  From the Petitioner's perspective, this represents a mere codification of a remedy available even prior to the enactment of the Sentencing Reform Act of 1984, the Petitioner was authorized to seek direct appeal of an allegedly illegal sentence.

The fact that Congress codified a pre-existing remedy, however, does not by itself stand for the proposition that Congress also implicitly intended to circumscribe other available pre-existing statutory remedies.  It is a cardinal rule of statutory construction that implying the repeal, either in whole or by narrowing in scope of the statute, by passage of subsequent statute is disfavored and should be condoned only when Congress' intent is manifest.  See <u>United States v. Rodriguez</u>, 480 U.S. 522 (1987); <u>United States v. Continental Tuna</u>, 425 U.S. 164, 168-69 (1976); <u>Morton v. Moncari</u>, 417 U.S. 535 (1974).  Where there are two acts upon the same subject, effect should be given to both if possible.  See <u>Pasades v. National City Bank</u>, 296 U.S. 535 (1936).  Only when construction of two or more provisions result in an irreconcilable conflict should federal courts infer an implicit legislative intent to repeat a provision.  See <u>Rodriguez</u>, supra, 480 U.S. at 523-24; <u>Krener v. Chemical Construction</u>, 456 U.S. 462, 468 (1982);

10

**Tennessee Valley Authority v. Hill**, 437 U.S. 153 (1978).

An examination of differences between § 2255 and § 3742 convincingly demonstrates the continued recognition of the scope of § 2255 subsequent conflict.  Note that while Congress made changes to Rule 35 that explicitly foreclosed this vehicle for obtaining review of an allegedly illegal sentence, Congress took no action towards attending the scope of § 2255.  Under accepted rules of statutory construction, it is generally presumed that Congress, in drafting legislation was aware of well-eatablished judicial construction of other pertinent existing statutes.  See **Goodyear Atomic v. Miller**, 486 U.S. at 524-26.  To the extent that newly enacted legislation modifies or repeals some statutes but leaves other statutes intact, the conclusion to be drawn is that Congress makes a determined choice not to alter those unaffected statutes.  Where Congress includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion.  **Rodriguez**, 480 U.S. 525; **Rusello v. Wong kim Bo**, 472 F.2d 720 (5th Cir. 1972).

There is nothing inconsistent in recognizing that Congress could logically have changed Rule 35 without altering the scope of § 2255.  It cannot be denied that the legislative history of the two are wholly distinct.  Viewing former Rule 35(a) and § 2255 in light of relief under Rule 35(a), when it enacted § 3742, is comprehensible and rational.

A motion brought pursuant to former Rule 35 was viewed

as proceeding in the original criminal proceeding.  **United States v. Arish**, 54 F.2d 512 (9th Cir. 1989); **United States v. Henry**, 709 F.2d 298 (5th Cir. 1983).

On the other hand, proceedings under § 2255 are not proceedings in the original prosecution, rather, a motion pursuant to 28 U.S.C. § 2255 is akin to initiating an independent civil suit.  See **United States v. Heflin**, 358 U.S. at 418 n.7 (1959).  The underlying Congressional purpose for enactment of 28 U.S.C. § 2255 was to authorize relief to any person who is denied his or her liberty in violation of the Constitution or laws of the United States.  Thus, in a suit brought under § 2255, this Petitioner can raise any claim that could warrant habeas corpus relief.  See **United States v. Kaufman**, 394 U.S. 217, 221-222 (1969).

Given these differences, it is clearly understood why Congress chose to abolish former Rule 35(a) while leaving the availability of relief under § 2255 intact.  Congress' enactment of 28 U.S.C. § 3742 and the simultaneous repeal of former Rule 35(a) can easily be understood as an attempt to streamline the original criminal proceeding.  By leaving 28 U.S.C. § 2255 unmodified, Congress guaranteed that review and relief would be available to insure that if, for some bonafide reason, a defendant did not or was not to avail himself of direct appeal, the fundamental error could nonetheless be corrected.

The Sentencing Reform Act of 1984 does not prevent a federal district court considering an allegation and challenge that the sentence is factually illegal or unconstitutional.  Congress

enacted § 2255 with the intention that the statute would serve
as the primary method of collateral attack on a federally imposed
sentence.  However, the fact that Congress left 28 U.S.C. §
2255 intact to serve as a vehicle to correct factually incorrect
or unconstitutional sentences does not imply that defendants
may forego their 18 U.S.C. § 3742 statutory right of direct
appeal.

Petitioner is not attempting to make 28 U.S.C. § 2255 do
service for direct appeal.  To the contrary, Petitioner raises
the issue grounded upon the very fabric of the Constitution
of the United States that every criminally charged defendant
who is before a court of law under indictment of a felony
offense, shall be guaranteed the fundamental right to a fair
trial and to be represented by competent counsel who is for
the defense.  **Strickland v. Washington**, 466 U.S. 668 (1984).
See also the Fifth and Sixth Amendments to the United States
Constitution.

Ineffective assistance of counsel is a cognizable ground
under 28 U.S.C. § 2255.  See **United States v. Navejar**, 963 F.2d
732 (5th Cir. 1992).

In this case, Petitioner's counsel was clearly ineffective
and demands relief as set forth in the issues herein contained.

## ISSUE I. KNOWING AND VOLUNTARY PLEA

Petitioner's guilty plea was not knowing or voluntary. In this § 2255, Petitioner will provide a showing of proof and in an evidentiary hearing can prove his plea was not voluntary or intelligent.

Rule II(e)(2) of the F.R.C.P. require the terms of a negotiated plea agreement be disclosed in open court, helping the court to determine where a defendant has entered into a plea knowingly, intelligently, and voluntarily.  The importance of this cannot be overstated.

It is not clear in this case whether the Sentencing Court was concerned or whether the Petitioner understood the consequences of accepting responsibility for the case.

When the sentencing guidelines are applied, a defendant can never be certain as to the ultimate consequences of accepting a plea.  The government, with knowledge of information regarding Petitioner's criminal activity, and the intent of using this knowledge, gained a strategically advantage over Petitioner. For example, the government used information to enhance Petitioner's sentence four-levels for allegedly playing a leadership/managerial role in his offense.  This information which was unkown to the Petitioner at the time of the plea, negated Petitioner's ability to knowingly, intelligently, and voluntarily accept the plea.

Unless the Petitioner was made aware of all the facts, both aggravating and mitigating, along with the possibilities and options that await him, it is impossible to make a

determination that Petitioner made a voluntary, knowing and intelligent plea decision. After all, it is the government's promise of less severe sentence that lured Petitioner into the plea. Therefore, the Petitioner now understands the plea does not fit the charges he acknowledged responsibility for.

Petitioner was not aware or apprised of the consequences of entering into a plea; therefore, there can be no knowing or intelligent plea pusuant to Rule 11. See **United States v. Day**, 969 F.2d 39 (3rd Cir. 1992); **United States v. McGlory**, 968 F.2d 309; **United States v. DeSantiago**, 980 F.2d 502 (9th Cir. 1992).

## ISSUE II INEFFECTIVE ASSISTANCE OF COUNSEL

The claim of ineffective assistance of counsel is grounded in the Sixth Amendment. The right of an accused to assistance of counsel includes the right to effective assistance of counsel. **McMann v. Richardson**, 397 U.S. 759, 772, 90 S.Ct. 1441 (1970).

Petitioner will show the leading case in the area of ineffective assistance is **Strickland v. Washington**, 466 U.S. 688, 104 S.Ct. 2052 (1984). In that case, the Supreme Court set a two-prong test.

Petitioner must show:

> (1) That the representation he received fell below the objective standard; and

> (2) A reasonable probability that but for errors of counsel, the results would have been different.

The Fifth Circuit has held that failure to investigate fall below the customary level of skill and knowledge required. **Profitt v. Waldron**, 831 F.2d 1245 (5th Cir. 1987).

Failure to investigate is not a discretionary technical decision. <u>Beavers v. Balkcom</u>, 636 F.2d 114 (5th Cir. 1981). Under the <u>Bouchillon v. Collins</u>, 907 F.2d 589 (5th Cir. 1990) standard, Counsel who fails to investigate may be guilty of an appalling lack of professionalism.

A federal habeas corpus Petitioner is entitled to an evidentiary hearing if he alleges facts, which, if proven, would entitle him to relief.

Petitioner's counsel placed improper pressure on him to plead guilty. Counsel told Petitioner that if he did not plead guilty, he would get more than ten years in prison.

Petitioner's counsel made but one plea offer stating that Petitioner had no choice but to take the plea. Counsel was ineffective for not attempting a different plea offer or to seek a plea offer in Washington when efforts to deal with local U.S. Attorney fails.

Petitioner was frightened and counsel was ineffective in the specific instances as outlined below:

1. Defense counsel failed to investigate and interview witnesses and evidence;
2. Failed to investigate and prepare a proper defense;
3. Failed to seek out plea counter offers;
4. Extraordinary efforts by counsel to elicit an admission of guilt from Petitioner;
5. Rushed into plea without investigation;
6. Failed to seek plea in Washington when efforts to deal with local U.S. Attorney failed;
7. Failure to explain the risk of a plea in conjunction with appeals;
8. Counsel acted as a mere spectator at sentencing; and
9. Failed to argue for a sentence departure.

The failures of counsel are both glaring and substantial and as a result, Petitioner could not have made a voluntary,

intelligent and knowing plea agreement.

## ISSUE III.  INDICTMENT IS JURISDICTIONALLY DEFECTIVE

Petitioner was named in a two-count indictment.  Petitioner,
consequently, plead guilty to count 1 of the indictment, which
charged him with conspiracy to possess with intent to distribute
a quantity exceeding 100 Kilograms of marihuana, in violation
of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

Petitioner's indictment did not specifically state the
drug quantity for which his sentence was imposed by the District
Court, as required by the new **Apprendi v. New Jersey**, 530 U.S.
466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) decision.  Similarly,
the government violated Petitioner's due process rights by
failing to prove before a jury a specific drug quantity for
which the Petitioner was to be sentenced.  Because the indictment
is defective according to the requirements of the United States
Constitution, and because this defective indictment violates
Petitioner's due process rights, Petitioner's sentence must
be vacated and his conviction reversed.  See **Yates v. United
States**, 354 U.S. 298, 77 S.Ct. 1064 (1957).  The remedy for
an insufficient or defective indictment is to dismiss the
charges.  **Russell v. United States**, 369 U.S. 749 (1962).

In **United States v. Tran**, 2000 WL 1701651 (2nd Cir. 2000),
the court made several holdings.  Among these are:  (1) pleading
guilty does not waive a Defendant's right to indictment by a
grand jury; (2) by pleading guilty the Defendant did not waive
his right to be tried and convicted only upon charge presented
to the grand jury; (3) plain error review of defect in the

17

indictment was inappropriate; and (4) district court lacked
jurisdiction to enter conviction or impose sentence for conduct
not charged in the indictment.

The **Tran** Court stated that "First, pleading guilty does
not waive a Defendant's right to indictment by a grand jury."
See **United States v. Meacham**, 626 F.2d 503, 509-10 (5th Cir.
1980). "Waiver of an indictment is an act clothed in
formality...[T]he waiver must be made in open court, Defendants
must be informed of the nature of and the cause for the
accusation, and the court must be satisfied that the Defendants
waive their rights knowingly, intelligently, and voluntarily."
**United States v. Ferguson**, 758 F.2d 843, 850-51 (2d Cir. 1985)...
"pleading guilty is not the equivalent of a waiver of the right
to be charged by a grand jury...Where an indictment fails to
allege each material element of the offense. A failure of the
indictment to charge an offense may be treated as [a]
jurisdictional defect,...and an appellate court must notice
such a flaw even if the issue was raised neither in the district
court nor on appeal."

Furthermore, on November 9, 2000, in the United States
District Court for the Southern District of Florida, Ft.
Lauderdale Division, Case No. 99-6182-CR-WDF, the District Court
Judge Jose A. Gonzalez, Jr., in the sentencing proceedings or
Samuel Deorio, Christopher Ventrice, and Wayne Grosso, made
this ruling in respect to these Defendants. At the beginning
of the proceeding in this case, Judge Gonzalez stated on record
that he had reviewed the opinions of **Apprendi v. New Jersey**,

18

20 S.Ct. 2348 (2000); Jones v. U.S., 194 F.3d 1178 (10th Cir.
1999), rev. and remanded in 120 S.Ct. 2379 (2000); U.S. v.
Rebmann, 226 F.3d 521 (6th Cir. 2000); U.S. v. Nordby, 225 F.3d
1053 (9th Cir. 2000); U.S. v. Doggett, 230 F.3d 160 (2000);
U.S. v. Angle, 230 F.3d 113 (4th Cir. 2000); and U.S. v. Rogers,
228 F.3d 1318 (2000), in preparation for this hearing for a
determination on the drug quantity issue.  The Defendants
objected to the level 32 determination in the P.S.R. and the
court sustained the objection to the level 32 and reduced the
base offense level to level 12 based on **Apprendi**, and its
progeny.

The court reasoned that under **Apprendi**, the drug quantity
was an element of the offense, and that the Defendants have
a Constitutional right to a jury trial and to determination
for guilt beyond a reasonable doubt on each element of the
offense.  He further stated that the Sentencing Reform Act
mandates the court to consider the Sentencing Guidelines in
arriving at an appropriate sentence, and that one consideration
of that sentence was the drug quantity.  The court held that
since the drug quantity was an element of the offense, that
the Constitutional jury trial rights and the reasonable doubt
standard were paramount to any consideration under the sentencing
guidelines.

As in the present case, the Petitioner was indicted to
conspiracy and possession to distribute more than 100 Kilograms
of marihuana, and to be a valid indictment, the specific amount
of drugs to which the Petitioner was sentenced to, should have

been presented to the Grand Jury to be charged in the indictment. According to the **Apprendi** decision, the Petitioner sentence should be vacated.

### ISSUE IV. PETITIONER'S ENHANCEMENT OF FOUR-LEVELS FOR PLAYING A LEADERSHIP/MANAGERIAL ROLE IN THE OFFENSE WHEN THE JURY DID NOT FIND HIM GUILTY OF THIS ELEMENT OF THE OFFENSE AS REQUIRED BY THE APPRENDI DECISION VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS

The new Constitutional rule announced by the **Apprendi** decision rejects any sentencing enhancement to a Defendant's sentence, except or his criminal history when those enhancement elements of the offense were not presented to the jury, and when the jury did not find beyond a reasonable doubt that the Defendant was guilty of those charged elements.

In **United States v. Fields**, No. 99-31138 (D.C. Cir. 3/13/01), the court held that, "Because the fact of leadership role may increase a Defendant's sentence beyond the prescribed statutory maximum, **Apprendi** applies. Accordingly, the issue of leadership must be charged in an indictment, submitted toa jury, and proved beyond a reasonable doubt."

In **United States v. Norris**, 128 F.Supp.2d 739, the court held that enhancement of Defendant's sentence for a cocaine offense based on findings by the judge of a weapons offense and further cocaine transactions, which were based solely on a preponderance of hearsay evidence, was inconsistent with reasoning of **Apprendi** prohibited the court from increasing Defendant's sentence beyond the maximum fixed by the sentencing guidelines for the elements of the crime alleged in the indictment.

20

An enhancement was made to the Petitioner's sentence outside the findings and knowledge of the jury. Therefore, the enhancement for playing a mitigating role in the offense is in violation of the **Apprendi** rule, and in violation of Petitioner's Due Process rights guaranteed by the Fifth Amendment to the Constitution, and must be vacated.

### ISSUE V. 21 U.S.C. § 841(b)(1)(A) AND (b)(1)(B) ARE UNCONSTITUTIONAL AS APPLIED

21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) provide the penalties for violations of 21 U.S.C. § 846, for 841(a)(1) and for 18 U.S.C. § 2. Unconstitutionality is due to their failure to provide for proof beyond a reasonable doubt of all elements of the offense, especially drug quantity.

In **United States v. Buckland**, Case No. 99-30285, **(Decided August 9, 2001)**, the Ninth Circuit vacated Mr. Buckland's sentence and remanded his case for re-sentencing. In doing so, the court recognized that § 841(b) contained elements of the offense and not sentencing factors. The Ninth Circuit then found that Congress, when drafting § 841(b) intended the different sentencing levels in § 841(b) to be sentencing factors, not elements of the offense. The Ninth Circuit then reasoned that since **Apprendi** mandates 841(b) to be considered as elements of the offense, there was no way to reasonably construe the requirements of **Apprendi** with Congress' intent for § 841(b). Thus 841(b) must be considered unconstitutional on its face.

The Ninth Circuit stated that "requiring [drug amount] to be proven to the jury only if the resulting sentence will

21

be beyond the statutory maximum, but allowing it to be decided by the judge if it is not, is unworkable.  As a practical matter, the prosecutor will always have to submit drug quantity to the jury."

### CONCLUSION

Petitioner prays to this Court to vacate his sentence so that "the ends of justice" would met.

Respectfully submitted,

Dated: 1-7-02

Jose Fidel Trevino
Reg. No. 77403-079

CERTIFICATE OF SERVICE

I declare under the penalty of perjury, that the foregoing motion and/or instrument is true and correct pursuant to 28 U.S.C. § 1746, executed on the date below.

I also hereby certify that I have delivered said documents, via First-Class Mail deposited in the prison legal mail box, i.e., the original and two copies of said documents to the following address:

U.S. District Court
Clerk
600 E. Harrison St. Room 101
Brownsville, TX 78520-7114

On this 7th day of January, 2002.

Jose Fidel Trevino
77403-079
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336-9000

23