

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSE FIDEL TREVINO<br>　　　PETITIONER | §<br>§<br>§ | CASE NO. B-02-006<br>CRIM. NO. 1:00CR00276-001 |
| V. | §<br>§ | Petitioner's request for leave of Court to amend |
| UNITED STATES OF AMERICA<br>　　　RESPONDENT | §<br>§ | and to supplement information in his previously filed "2255" Motion pending in this Court. |

### MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION
### FOR LEAVE TO AMEND AND SUPPLEMENT HIS "2255" MOTION

The pro se petitioner Jose Fidel Trevino, respectfully submits this Memorandum of Law In Support of his attached Motion for Leave of Court to Amend and Supplement his "2255" Motion.

The following issue is presented for relief and consideration by this Honorable Court:

[A]　PETITIONER WAS NOT INFORMED BY LAW ENFORCEMENT AUTHORITIES OF HIS GUARANTEED RIGHT TO CONSULAR ACCESS AS PROVIDED BY THE VIENNA CONVENTION.

### ARGUMENT FOR RELIEF

### PETITIONER WAS NOT INFORMED BY LAW ENFORCEMENT AUTHORITIES OF HIS GUARANTEED RIGHT TO CONSULAR ACCESS AS PROVIDED BY THE VIENNA CONVENTION

The United States ratified the Vienna Convention on November 24, 1969. 21 U.S.T. at 77. The convention is the major worldwide treaty on the topic of consular relations and regulates all aspects of the relationship of consuls to a host government and the consul's activities. Vienna Convention, 21 U.S.T. at 77, 596 U.N.T.S. at 262. The Vienna Convention is on the same level as constitutional rights granted by the United States Constitution.

A federal treaty or statute establishing rules and regulations touching rights privileges, obligations or burdens of aliens as such is the law of the land, and no state can add to or take from the force and effect thereof. U.S. Const. art VI, Cl. 2; see also U.S. Const. art II. cl. 2.

Convention Article 36 deals with obligations to inform aliens who are arrested of the right to consult with their consul. The pertinent parts of Article 36 are:

1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:

>    a. Consular officials shall be free to communicate with nationals of the sending State and to have access to them. Nationals of the sending States shall have the same freedom with respect to communication with and access to consular officers of the sending state;
>
>    b. If he so requests, the competent authorities of the receiving State shall, without delay, inform the Consular post of the sending State if, within its consular district, a national of that State is arrested or commited to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this subparagraph;
>
>    c. Consular officials shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation. Vienna Convention, art. 36, 21 U.S.T. at 100-101, 596 U.N.T.S. at 292.

The last sentence of paragraph (b) obliges law enforcement authorities to advise an arrested alien of his right to consult with his consul.

Petitioner contends that this issue is similar to the question posed in **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**Miranda** held that because a criminal defendant has a constitutional right to an attorney, the police must inform the accused of that right so that he may knowingly exercise or waive it. If a foreign national criminal defendant has a constitutional right to access his consul, he will not be able to exercise that right, unless he has been informed of the right. The legal reasoning is exactly the same as the legal reasoning that resulted in **Miranda**.

The requirement that the accused be informed of his right to consult with his consul seems even stronger because the Vienna Convention specifically requires a warning be given. When **Miranda** was decided there was no mandatory requirement for a warning in the Constitution. It became a constitutional mandate only after the United States Supreme Court decision.

Petitioner asserts that he was not informed by any law enforcement official of his right to consult with his consul as provided by the Vienna Convention. Petitioner asserts that had he known of his right to consult with his consul, that he would have availed himself of that right.

Petitioner also asserts that the failure to inform a foreign national of his right to consult with his consul often puts the accused at a severe disadvantage. Foreign nationals are often unfamiliar with U.S. customs, police policies, and criminal proceedings.

WHEREFORE, premises considered, petitioner prays that this Honorable Court grant the relief requested and that petitioner conviction be vacated.

Respectfully submitted,

Date: 6-17-02

Jose Fidel Trevino
Reg. No. 77403-079

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed this 17th day of June, 2002; via the prison legal mail box, pre-paid, first class postage, addressed to:

MARK M. DOWD
ASST. U.S. ATTORNEY
600 E. HARRISON ST. # 201
BROWNSVILLE, TX 78520

*Jose Fidel Trevino*
Jose Fidel Trevino
77403-079
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336-9000