United States Courts
Southern District of Texas
FILED

AUG 1 9 2002

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE FIDEL TREVINO
    Petitioner

v.                                CA B-02-006
                                  CR B-00-276

UNITED STATES OF AMERICA
    Respondent

PETITIONER'S REPLY TO GOVERNMENT'S ANSWER, MOTION
FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL.
28 U.S.C. § 2255, OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT

    **COMES NOW**, Jose Fidel Trevino, petitioner, acting in propia persona, and files this, his Reply to Government's Answer, Motion For Dismissal Under 8(a) Of The Rules Foll. 28 U.S.C. § 2255, Or In The Alternative, Motion For Summary Judgment.

    Petitioner filed his original § 2255 motion on January 14, 2002. The Court ordered the Government to respond to petitioner's § 2255 motion by March 28, 2002. The Government sought and obtained extensions until August 5, 2002. The Government has moved to dismiss and, in the alternative, moved for summary judgment.

    Petitioner re-states every issue and fact found on his original § 2255 motion.

A. INEFFECTIVE ASSISTANCE

    The Constitution of the United States provides that, "in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense." U.S. Constitution Amendment VI. To establish that trial counsel's assistance was ineffective, a defendant must show

that counsel's performance was deficient. This requires that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment of the U.S. Constitution. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result was reliable. See **Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); U.S. v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993); White v. Johnson, 180 F.3d 648 (5th Cir. 1999).**

Petitioner did ask his attorney to file a direct appeal on his behalf. Defense counsel told petitioner that he was not going to file the direct appeal because he did not have any issues to raise. If petitioner's counsel would have filed a notice of appeal on my behalf, he could have file an **Anders** Brief, and petitioner could have requested the Fifth Circuit Court of Appeals permission to file a pro-se supplemental brief in which he could have raised the instant issues. Petitioner was not informed by his counsel that he had ten days to file a notice of appeal. Had he known, he would have filed a pro se notice of appeal.

Petitioner's counsel failed to inform the petitioner that two of his co-conspirators cooperated with the government against him. Petitioner asked his attorney that he wanted to know if there was an informant or informants in his case, to which he replied that it appeared that there were none. Petitioner's counsel failed to investigate and properly inform the petitioner of the identity of the informants used in his case. Although petitioner's counsel developed two potential defenses of alibi and entrapment, he failed to investigate who were the informants used in petitioner's case and possibly interview them.

Petitioner's counsel improperly pressured him by constantly telling him of the sentence he would receive if he did not plea guilty to the charges against him. Petitioner was prejudiced by his counsel's actions because without counsel's pressure, he could have decided to take the case to trial. This action clearly demonstrates that petitioner's plea was not made knowingly, willingly and intelligently.

Petitioner's counsel told him that it was hard to deal with the Assistant U.S. Attorney handling his case. Further, he told petitioner that it would be impossible to obtain a good deal for him because the Assistant U.S. Attorney did not want to deal with him. The petitioner's counsel could have tried to deal with the U.S. Attorney or in Washington, when efforts to deal with local U.S. Attorney are impossible or fails.

**INVOLUNTARY PLEA**

Petitioner re-states his argument as stated on his original § 2255 motion and adds the following for this Court consideration.

Petitioner's plea was not knowing and voluntary. At the time he signed his plea agreement, petitioner was not informed that his sentence would be increased by four levels for allegedly playing a leadership role. Moreover, petitioner was not explained all the consequences of entering into a plea. Therefore, there can be no knowing or intelligent plea pursuant to Rule 11.

**APPRENDI CLAIM**

Petitioner re-states his argument as stated on his original § 2255 motion.

Respectfully submitted,

Date: 8-10-02

_Jose F. Trevino_
Jose Fidel Trevino #77403-079

3


## CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the foregoing motion and/or instrument, via First-Class Mail, this _10th_ Day of August, 2002, addressed to:

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520

_Jose F. Trevino_
Jose Fidel Trevino
77403-079  W-A
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336-9000