IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 3 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE FIDEL TREVINO, | § | |
|    Petitioner-Defendant | § | |
| | § | |
| vs. | § | CA B-02-006 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent-Plaintiff | § | |
|    ( CR B-00-276) | § | |

## GOVERNMENT'S SUPPLEMENTAL ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I.

The Court ordered the Government to respond to Petitioner's, Jose Fidel Trevino (hereinafter referred to as Trevino), 28 U.S.C. §2255 supplementary motion filed on June 25, 2002, by September 5, 2002. The Government objects to the supplementary issue brought by Trevino on the basis it is untimely. In the alternative, the Government asserts Trevino's latest ground is unmeritorious.

II.

On July 5, 2000, Trevino was charged by indictment in the Southern District of Texas, Brownsville Division, with conspiracy to possess with intent to distribute in excess of 100 kilos of marihuana in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(B) and with possession with intent to distribute in excess of 100 kilos of marihuana, that is: approximately 208.6 kilos of marihuana in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) (DOC. 1)[1]. He pled guilty to the conspiracy

---

[1] DOCument numbers are taken from the docket sheet of the original cause.

count of the indictment acknowledged the accuracy of the information of enhancement under 18 U.S.C. §851 (DOC. 64). In exchange for his plea of guilty to count one, the government agreed to recommend at sentencing that Trevino receive credit for acceptance of responsibility, be sentenced at 120 months imprisonment, that his revocation sentence run concurrently with the instant sentence and that he not be prosecuted for illegal re-entry (PSR 5).

The probation department scored the instant offense at base offense level 26, found him to be a leader and accordingly adjusted his score upward by 4 levels, yet recommended that he receive a two-level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a, b), for a total offense level score of twenty-eight (28) (PSR 32, 35, 38). His criminal history placed him in criminal history category III (PSR 47). However, his 1997 conviction for a federal drug felony out of the instant court increased Trevino's statutory minimum mandatory sentence to 120 months imprisonment (PSR 68). Trevino did not object to the PSR (DOC 76).

On January 12, 2001, at sentencing, the district court adopted the PSR as written, and sentenced Trevino to the minimum statutory sentence of 120 months imprisonment, to be followed by an eight-year term of Supervised Release for the instant offense. He was also ordered to pay $100.00 in mandatory costs. The judgment was entered January 23, 2001 (DOC 97). His judgement became final on February 2, 2001.

Trevino did not directly appeal his conviction or sentence. On January 14, 2002, Trevino filed his original motion under 28 U.S.C. §2255. It was timely, as it was filed within one year of his judgement becoming final.

### III.

However, his supplementary motion was filed almost five months late. The instant pleading is untimely. On April 24, 1996, a one-year period of limitation was placed upon the filing of claims under §2255. The one-year period runs from the date the judgment of conviction becomes final under §2255(1). Trevino's ability to file such motion expired on February 2, 2002 (one year plus the ten[10] days after his judgment was entered, with the expiration of the period for filing notice of appeal). An alternate starting date for the one-year limitations period under 28 U.S.C. §2255(4) runs from "the date on which the facts supporting the claim ... presented could have been discovered through the exercise of due diligence". Here, Trevino would have been aware at the time of his arrest that the arresting authorities did not notify him of his right to consult with consular officials. Trevino was arrested on June 11, 2000. Under §2255(4), his limitations period expired on June 11, 2001.

Although ordinarily, under FED. R. CIV. PROC. 15(a), amendments of habeas claims may be "freely given when justice so requires". A different situation arises when the amendments are filed after the AEDPA's statute of limitations has run. *United States v. Espinoza-Saenz*, 235 F.3d 501, 503-504 (10th Cir. 2000); *United*

*States v. Duffus*, 174 F.3d 333, 337 (3rd Cir. 1999). Permitting claims to be filed following the expiration of the statute of limitations would "frustrate the intent of Congress" and amount to "judicial rescission" of the limitations period. *Id.* Although "clarification" of timely-filed claims may be permitted to be filed by the court following the running of the limitations period, new issues do not enjoy "relation back" treatment. *Id., United States v. Lampton*, 2001 WL 263094 (E.D. La. Mar 14, 2001)(NO. CR. A. 96-125)(discussion regarding "relation back").

The Court is without jurisdiction to entertain Trevino's late filed claim.

### IV.

The Government denies each and every allegation of fact made by Trevino except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

### V.

### ALLEGATIONS

Trevino alleges his constitutional rights were violated due to the government's failure to notify him of his rights pursuant to the Vienna Convention to consult with consular officials from his homeland.

### VI.

### TREVINO'S BURDEN

Trevino' first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982)(holding "plain error" incorrect standard for

§2255and requiring "cause and prejudice" standard). Trevino must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers no cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-232 and n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992]) which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not

reasonably available to [the Petitioner] at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.* The only "cause" proffered by Trevino was his claimed ignorance of his "rights" under the 'Treaty'. Trevino does not allege that he suffered "prejudice" as a result, only that he would have spoken with consular officials if given the opportunity. Although Trevino suggests it would be advantageous for foreign nationals unfamiliar with U.S. police procedures and criminal proceedings to be given an opportunity to consult with consular officials, Trevino does not suggest that he falls in that class. Rather, the record reveals Trevino to be well-schooled in police procedures and criminal proceedings. It is doubtful that Mexican consular officials could have provided Trevino any advice about rights unknown to Trevino. Trevino's PSR reflects that Trevino has prior convictions and arrests in this country. Trevino could likely advise consular officials regarding an accused's rights following arrest. Trevino does not indicate what incriminating statements he made following his arrest, nor the significance of such statements in establishing his guilt for his crime of conviction, conspiracy to possess with intent to distribute marihuana. Indeed, the evidence against Trevino included testimony of informants with whom Trevino dealt and tape recorded conversations between the informants and Trevino in which Trevino discussed his "middleman" role in the conspiracy. Additional evidence included the phone numbers of the informants and co-conspirators found on Trevino's person at the time of Trevino's arrest (Trevino's re-

arraignment). The evidence in support of his plea of guilty did not include any post-arrest admissions by Trevino.

Even assuming Trevino made statements at his arrest, any admissions by him clearly did not create prejudice rising to the level of a miscarriage of justice.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 300, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Trevino does not allege he is innocent. This pleading is more rather a request to set aside his conviction due to a collateral treaty violation.

As such, Trevino confronts his next hurdle: establishing the Vienna Convention confers "personal rights" upon inmates; the violation of which rise to the level of constitutional violations cognizable under §2255. Trevino fails in this next hurdle as well. Trevino cites *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), for that proposition. However, Miranda is inopposite to Trevino's claim. Miranda involves Fifth and Sixth Amendment concerns, while the Vienna Convention invokes no constitutional protections. Moreover, "[t]here is no reason

to think the drafters of the Vienna Convention had [the] uniquely American [Fifth and Sixth Amendment] rights in mind ... given the fact that even the United States Supreme Court did not require the Fifth and Sixth Amendment post-arrest warnings until it decided *Miranda* in 1966, three years after the treaty was drafted." *United States v. Minjares-Alvarez*, 264 F.3d 980, 987 (9th Cir. 2001). "[C]iting submission by United States Department of State ... it is "unaware of any country party to any consular convention with the United States that remedies failures of notification through its criminal justice process." *Minjares-Alvarez*, 264 F.3d at 987. "It would take an enormous leap in logic, therefore, to argue that the signatories to the Vienna Convention intended for violations to be cured by the exclusion of evidence or the dismissal of charges." *United States v. Jimenez-Nava*, 243 F.3d 192, 198-199 (5th Cir. 2001), *cert. denied*, 533 U.S. 962, 121 S.Ct. 2620 (U.S. Jun 29, 2001). Indeed, no case law has interpreted the Vienna Convention to confer such "personal rights". In *Breard v. Greene,* 523 U.S. 371, 118 S.Ct. 1352 (1998), the Supreme Court declined to characterize the Vienna Convention as confirming "personal" rights upon individuals, "The Vienna Convention–which arguably confers on an individual the right to consular assistance following arrest...." See- *United States v. Ediale*, 201 F.3d 438 (4th Cir. 1999). Even if "personal rights" were so created, the 'Treaty' does not create constitutional or fundamental rights. *United States v. Ademaj*, 170 F.3d 58, 67 (1st Cir. 1999); *Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997). Regardless, actual

prejudice is necessary. "It is extremely doubtful that the violation (of the Vienna Convention) should result in the overturning of a final judgement of conviction without some showing that the violation had some effect on trial". *Breard*, 118 S.Ct. at 1355; *Faulder v. Johnson*, 81 F.3d 515, 520 (5th Cir. 1996).

Here, Trevino was charged and convicted of conspiracy to possess with intent to distribute marihuana, a crime for which the evidence was gathered prior to Trevino's arrest. Assuming Trevino's factual claims are true, Trevino does not allege what statements he made and how they impacted his conviction.

## VII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Trevino's §2255 supplementary motion be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

_/s/ Mark Dowd_
Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Jose Fidel Trevino, Reg. No. 77403-079, F.C.I., P.O. Box 9000, Forrest City Ark, 72336-9000, on this the 30 day of August, 2002.

MARK M. DOWD
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE FIDEL TREVINO,<br>    Petitioner-Defendant | § § § | |
| vs. | § | CA B-02-006 |
| UNITED STATES OF AMERICA,<br>    Respondent-Plaintiff<br>  ( CR B-00-276) | § § § § | |

## ORDER

The Court, having considered Trevino's motion to vacate sentence, supplementary motion to vacate and the Government's responses, concludes that dismissal of the cause is warranted.

Trevino has failed to overcome the jurisdictional burden of demonstrating cause for failure to pursue his claim on direct appeal. Trevino fails to demonstrate any prejudice as a result of the complained of deficiencies or his actual innocence. Trevino fails to show his attorney's performance was deficient or that he suffered any prejudice therefrom. Even if the merits were reached, the record refutes the substance of each of his claims.

Therefore, Trevino's motion should be DISMISSED in its entirety.

DONE on this the \_\_\_\_\_ day of _____, 2002 at Brownsville, Texas.

_____
FELIX RECIO
UNITED STATES MAGISTRATE JUDGE
