UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 1 3 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE FIDEL TREVINO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-006 |
| | § | CRIMINAL NO. B-00-276 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jose Fidel Trevino (Petitioner) has filed a timely 28 U.S.C. § 2255 petition for a writ of habeas corpus. For the reasons stated below, the petition should be DENIED.

### BACKGROUND

On July 5, 2000, Petitioner Jose Fidel Trevino was charged by indictment in the Southern District of Texas, Brownsville Division, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841 (a)(1), and 841(b)(1)(B). He was also charged with possession with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Petitioner pleaded guilty to the conspiracy count of the indictment, and acknowledged the accuracy of the information of enhancement under 18 U.S.C. § 851. In exchange for his plea of guilty to count one, the government agreed to recommend the following at sentencing: 1) that Trevino receive credit for acceptance of responsibility; 2) that Trevino be sentenced to 120 months of imprisonment; 3) that his revocation sentence run concurrently with the instant sentence; and 4) that Trevino not be prosecuted for illegal re-entry.

1

The probation department scored the instant offense at base offense level 26, and found him to be a leader, which adjusted his score upward by four levels. The department, however, did recommend that he receive a two-level downward adjustment for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a, b), for a total offense level score of twenty-eight (28). His criminal history placed him in Criminal History Category III. However, Petitioner's 1997 conviction for a federal drug felony out of the instant court increased his statutory minimum mandatory sentence to 120 months imprisonment. Trevino did not object to the PSR.

On January 12, 2001, at sentencing, the district court adopted the PSR as written, and sentenced Trevino to the minimum statutory sentence of 120 months imprisonment, to be followed by an eight-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs. The judgment was entered January 23, 2001. His judgment became final on February 2, 2001, due to the fact that Trevino did not directly appeal his conviction or sentence. On January 14, 2002, Trevino filed this timely motion under 28 U.S.C. § 2255.

## ALLEGATIONS

Trevino alleges his constitutional rights were violated due to ineffective assistance of counsel, an involuntary plea, *Apprendi* violations, and an infringement of the Vienna Convention.

## ANALYSIS

### *Ineffective Assistance of Counsel*

Petitioner Trevino claims his trial counsel was ineffective in five different manners:

1) Failing to investigate the case;

2) Exerting "improper pressure" upon Trevino to plead guilty;

2

3) Failing to make a counter plea agreement offer directly to "Main Justice," rather than negotiating strictly with "local" prosecutors;

4) Failing to take part in the sentencing hearing; and

5) Failing to argue for a downward departure.

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[1]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[2] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

[2] See Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Darden v. Wainwright, 477 U.S. 168, 184 (1986); Strickland v. Washington, 466 U.S. at 687-88; Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997); Andrews v. Collins, 21 F.3d 612, 621 (5th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992), cert. denied, 507 U.S. 1056 (1993); and Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992), cert. denied, 504 U.S. 992 (1992).

reasonable professional assistance.[3] The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight.[4] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[5] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[6] Counsel is required neither to advance

---

[3] See Strickland v. Washington, 466 U.S. at 687-91; Jones v. Cain, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); Green v. Johnson, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997), cert. denied, 523 U.S. 1099 (1998); Belyeu v. Scott, 67 F.3d 535, 538 (5th Cir. 1995), cert. denied, 517 U.S. 1144 (1996); Duff-Smith v. Collins, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. See Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993); Martin v. Maggio, 711 F.2d 1273, 1279 (5th Cir. 1983), cert. denied, 469 U.S. 1028 (1984).

[4] See Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Burger v. Kemp, 483 U.S. 776, 789 (1987); Strickland v. Washington, 466 U.S. at 689; United Stats v. Drones, 218 F.3d 496, 500-03 (5th Cir. 2000); Carter v. Johnson, 131 F.3d at 463; Williams v. Cain, 125 F.3d 269, 276 (5th Cir. 1997), cert. denied, 525 U.S. 859 (1998); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997); United States v. Gaudet, 81 F.3d 585, 592 (5th Cir. 1996); and Belyeu v. Scott, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, see Westley v. Johnson, 83 F.3d 714, 723 (5th Cir. 1996), cert. denied, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. See Williams v. Cain, 125 F.3d at 276, citing Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994), cert. denied, 513 U.S. 960 (1994).

[5] See Strickland v. Washington, 466 U.S. at 690; and Duff-Smith v. Collins, 973 F.2d at 1182.

[6] See Jones v. Jones, 163 F.3d 285, 300 (5th Cir. 1998), cert. denied, 528 U.S. 895 (1999); Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997), cert. denied, 522 U.S. 944 (1997); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); Boyle v. Johnson, 93 F.3d 180, 187-88 (5th Cir. 1996), cert. denied, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); West v. Johnson, 92 F.3d 1385, 1406-09 (5th Cir. 1996), cert. denied, 520 U.S. 1242 (1997) (ruling that a trial counsel's failure to conduct further investigation into the defendant's

every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[7] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[8] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[9]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[10] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

---

head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994), citing Strickland v. Washington, 466 U.S. at 691; and Andrews v. Collins, 21 F.3d at 623 (deciding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[7] See Neal v. Cain, 141 F.3d 207, 214-15 (5th Cir. 1998) (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); Smith v. Collins, 977 F.2d 951, 960 (5th Cir. 1992), cert. denied, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required; nor does it contemplate the employment of wholly unlimited time and resources"); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[8] See Sharp v. Johnson, 107 F.3d 282, 290 n.28 (5th Cir. 1997), citing Garland v. Maggio, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). See also Lackey v. Johnson, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[9] See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); Jones v. Jones, 163 F.3d at 303.

[10] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

the judgment."[11] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[12] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[13] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[14]

Given the language of *Strickland* itself, the test applies to the conduct of counsel both in preparation for and at trial.[15] An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance.[16] The extent of an

---

[11] Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2067.

[12] Id.

[13] See Williams v. Taylor, 529 U.S. at 391; Strickland v. Washington, 466 U.S. at 694.

[14] See Williams v. Taylor, 529 U.S. at 393 n.17; Strickland v. Washington, 466 U.S. at 692.

[15] See, e.g., Martin v. McCotter, 796 F.2d 813, 816-17 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987) (holding that the *Strickland* test applied to both the trial and sentencing phases of a criminal proceeding); and Nealy v. Cabana, 764 F.2d 1173, 1178-80 (5th Cir. 1985).

[16] See Moore v. Johnson, 194 F.3d 586, 608 & 616 (5th Cir. 1999); and Bryant v. Scott, 28 F.3d at 1435.

attorney's investigation into an area must be viewed in the context of the defendant's cooperation with the attorney's investigation and with a heavy measure of deference to counsel's judgments.[17]

Due to the fact that a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[18] Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[19] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[20] Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[21]

---

[17] See Carter v. Johnson, 131 F.3d at 463; and Randle v. Scott, 43 F.3d 221, 225 (5th Cir. 1995), cert. denied, 515 U.S. 1108 (1995) (ruling that trial counsel was not ineffective for failing to investigate the validity of the defendant's prior conviction where the defendant was aware that the prior conviction had been reversed but failed to disclose same to his counsel and, instead, instructed his counsel to cease investigation into the matter so as to expedite the defendant's entry of a guilty plea). However, an attorney who is aware of potential mitigating evidence is obligated to investigate the existence of such evidence beyond merely communicating with the defendant. Ransom v. Johnson, 126 F.3d at 723.

[18] See Strickland v. Washington, 466 U.S. at 700; Ransom v. Johnson, 126 F.3d at 721; Green v. Johnson, 116 F.3d at 1122; United States v. Seyfert, 67 F.3d 544, 547 (5th Cir. 1995); and Armstead v. Scott, 37 F.3d at 210. See also Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on both prongs of the *Strickland* test).

[19] See United States v. Hoskins, 910 F.2d 309, 311 (5th Cir. 1990); and Thomas v. Lynaugh, 812 F.2d 225, 229-30 (5th Cir. 1987), cert. denied, 484 U.S. 842 (1987).

[20] See Black v. Collins, 962 F.2d at 401; Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986), cert. denied, 482 U.S. 916 (1987); and Martin v. McCotter, 796 F.2d 813, 821 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987).

[21] See Kinnamon v. Scott, 40 F.3d 731, 735 (5th Cir. 1994), cert. denied, 513 U.S. 1054 (1994); Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990); Russell v. Lynaugh, 892 F.2d 1205, 1213 (5th Cir. 1989), cert. denied, 501 U.S. 1259 (1991); United States v. Woods, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and Ross v. Estelle, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

Claims # 1 and 3 – Failure to Investigate and Failure to Make Counter Plea Agreement

The record fails to support Trevino's claim that his counsel failed to investigate the case. Counsel filed extensive discovery motions, and developed an alibi as well as an entrapment defense.[22] Counsel also litigated these motions before the court.[23] However, from the record it is apparent that the nature of the evidence against Trevino was substantial. The record discloses that two of Trevino's co-conspirators cooperated with the government against Trevino.[24]

Trevino's claim that his counsel should have negotiated directly with Main Justice is without any foundation. There is no mechanism for counsel to negotiate directly with Main Justice. Nor has Trevino demonstrated that a negotiation directly with Main Justice would have resulted in a lesser sentence. Both of these claims must fail.

Claim # 2 – Exerting Improper Pressure to Plea

Trevino explains that the improper pressure consisted of his counsel advising him that if he did not plead guilty, he would receive more than 120 months of imprisonment. If Trevino did not plead guilty, and he was convicted at trial, which appeared highly likely, he would have scored at level 30, Criminal History Category III, for a range of 121-151 months imprisonment. His counsel was merely accurately predicting his sentence were he convicted at trial. Ironically, counsel would have been deficient had he not fully explained what Trevino would likely receive if he were convicted at trial.

---

[22] Doc. 40, 41, 42, and 44.

[23] Doc. 51.

[24] Doc. 66 and 67.

Even if counsel's advice was error, Trevino does not explain how he was prejudiced by such error. Trevino's plea was voluntary in this case. The *Strickland* test has been applied to challenges to guilty pleas based on allegations of ineffective assistance of counsel.[25] To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his attorney, he would not have pleaded guilty but would have insisted on going to trial.[26] Trevino, in this case does not meet the necessary standards to prevail on the "ineffective assistance" prejudice prong.

Claim # 4 – Failure to Take Part in the Sentencing Hearing

Petitioner was facing a mandatory minimum sentence of 120 months. Therefore, Trevino can not demonstrate what his counsel could have done additionally to lower his sentence. Again, Trevino can not demonstrate how he was prejudiced by his trial counsel's alleged errors.

Claim # 5 – Failure to Argue for a Downward Departure

Trevino fails to suggest for which downward departure he was eligible. He did not cooperate with the government, he was ineligible for a "safety valve," departure, and he was still on supervised release for a previous drug conviction out of the same court.

As the above premises upon which Trevino's instant complaint is based have no legal support, Petitioner's counsel's performance can not be shown to be deficient under *Strickland*. As Trevino has failed to demonstrate specifically what his counsel should have done, or exactly

---

[25] See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); United States v. Payne, 99 F.3d 1273, 1282 (5th Cir. 1996); Randle v. Scott, 43 F.3d at 225; and Armstead v. Scott, 37 F.3d at 206.

[26] See Hill v. Lockhart, 474 U.S. at 58-59; United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), cert. denied, 531 U.S. 919 (2000); United States v. Payne, 99 F.3d at 1282; Mangum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995), cert. denied, 516 U.S. 1133 (1996); James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995); Randle v. Scott, 43 F.3d at 225; and Armstead v. Scott, 37 F.3d at 206.

how he suffered any prejudice therefrom, he can show neither "cause" nor "prejudice" by his counsel's "failure" to argue for a downward departure.

At the very least, Petitioner's trial counsel's performance can be deemed "reasonably effective,"[27] therefore all of his ineffective assistance complaints must fail.

### *Involuntary Plea*

Trevino alleges his plea of guilty was involuntary. Trevino inferentially claims that had he known the sentence he would receive, he would not have pleaded guilty.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."[28] To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence."[29] The defendant need only understand the direct consequence of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur.[30]

In this case, Trevino apparently misconstrues the provisions of his plea agreement. The plea agreement does not state that the government will recommend a sentence of less than 120 months. Furthermore, during the plea proceedings, the United States District Judge cautioned Trevino that the plea agreement was not binding on the court. The district court elicited from Trevino that he fully understood the charges against him, his maximum possible sentence, as well as his minimum sentence, which he ultimately received. The district court also determined

---

[27] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

[28] Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000), cert. denied, 523 U.S. 1067 (2001).

[29] Boykin v. Alabama, 395 U.S. 238, 244 (1969).

[30] See Trujillo v. United States, 377 F.2d 266, 266 (5th Cir. 1967), cert. denied, 389 U.S. 899 (1967).

on the record that Trevino's plea was made freely and voluntarily.[31] The record, thus, demonstrates that Trevino entered his plea voluntarily. Although Trevino claims otherwise, the record reflects that Petitioner's misperceptions form the sole basis for Trevino's claim that his plea was involuntary. Therefore, such claim fails.

### *Apprendi Violations*

Trevino's claim that his conviction violates *Apprendi,* is without merit. Trevino's count of conviction alleged an amount of marijuana within the statutory sentencing range in which he was sentenced. Count one alleged "a quantity exceeding 100 kilos of marijuana."[32] Trevino pleaded guilty to count one. The allegation of "exceeding 100 kilos" placed Trevino in a statutory sentencing range of 5-40 years. Trevino's enhancement increased his maximum sentence to life imprisonment under 21 U.S.C. § 841(b)(1)(A). The principles announced in *Apprendi* do not apply to issues relating to recidivism which increases a sentence.[33] As Trevino's sentence was less than life imprisonment, *Apprendi* is not implicated.[34] Therefore, Trevino's indictment did not run afoul of Apprendi.

Petitioner Trevino also claims that *Apprendi* renders 21 U.S.C. § 841 unconstitutional. However, the case in which Trevino relies, *United States v. Buckland*, 259 F.3d 1157 (9th Cir. 2001), was reversed following rehearing en banc. The Ninth Circuit followed the other circuits

---

[31] Rearr. Trans. at 12-15 and 19-20.

[32] Doc. 1.

[33] See Apprendi v. New Jersey, 530 U.S. 466, 472 (2000).

[34] See United States v. Meshack, 225 F.3d 556, 576 (5th Cir. 2000), cert. denied, 531 U.S. 1100 (2001).

11

which confronted the issue in deciding that *Apprendi* did not render § 841 unconstitutional. The Fifth Circuit has likewise ruled on this issue, finding § 841 constitutional.[35]

Finally, Trevino's claim that his upward departure under the Guidelines violates *Apprendi* is without legal support. Mere sentencing guideline adjustments do not implicate *Apprendi*.[36] Therefore, all of Petitioner Trevino's *Apprendi* complaints must fail.

### *Vienna Convention*

Petitioner Trevino claims that he was not informed by law enforcement authorities of his guaranteed right to consular access as guaranteed by the Vienna Convention, and as such his conviction should be vacated in this 28 U.S.C. § 2255 petition. Trevino offers no evidence in his petition, nor way of affidavit, to show "cause" why these issues were not raised on direct appeal. Additionally, Trevino does not claim actual innocence, thus, he fails the cause and prejudice prongs and his writ should be denied.

Petitioner's claims under the Vienna Convention fail on other grounds. In *Beard v. Greene*,[37] the Supreme Court declined to characterize the Vienna Convention as confirming personal rights upon individuals. The Vienna Convention arguably confers upon an individual the right to consular assistance following an arrest.[38] However, even if "personal rights" were so

---

[35] See United States v. Fort, 248 F.3d 475, 483 (5th Cir. 2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

[36] See United States v. Doggett, 220 F.3d 160, 165 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001).

[37] Beard v. Greene, 523 U.S. 371, 118 S.Ct. 1352 (1998); see United States v. Ediale, 201 F.3d 438 (4th Cir. 1999).

[38] Id.

created, the "Treaty" does not create constitutional or fundamental rights.[39] Regardless, showing actual prejudice is necessary. In *Beard*, the Supreme Court stated, "[i]t is extremely doubtful that a violation of the Vienna Convention should result in the overturning of a final judgment of conviction without some showing that the violation had some effect on trial."[40] Petitioner conveys no individualized prejudice in this case, therefore, this claim also must fail.

## RECOMMENDATION

For the reasons stated above, Petitioner Trevino's 28 U.S.C. § 2255 petition for a writ of habeas corpus should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[41]

DONE at Brownsville, Texas, this 12th day of September, 2002.

Felix Recio
United States Magistrate Judge

---

[39] United States v. Ademaj, 170 F.3d 58, 67 (1st Cir. 1999); Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir. 1997).

[40] Id.

[41] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).