IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED
SEP 24 2002
Michael N. Milby, Clerk

JOSE FIDEL TREVINO
    Petitioner

v.

UNITED STATES OF AMERICA
    Respondent

CA B-02-006
CR B-00-276

PETITIONER'S REPLY TO GOVERNMENT'S SUPPLEMENTAL
ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE
RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT

    COMES NOW, Jose Fidel Trevino, petitioner, acting in propia persona, and files this, his Reply to Government's Supplemental Answer, Motion For Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. § 2255, Or In the Alternative, Motion For Summary Judgment.

    Petitioner filed a 28 U.S.C. § 2255 supplemental motion on June 25, 2002. The Government objected to the supplementary issue brought by the petitioner on the basis that it is untimely. In the alternative, the Government asserts that petitioner's latest ground is unmeritorious.

    Petitioner re-states the issue and facts found on his supplemental § 2255 motion.

### ARGUMENT

    Vienna Convention Article 36 deals with obligations to inform aliens who are arreted of the right to consult with their consul. Article 36(b) states in part, "The said authorities shall inform the person concerned without delay of his rights under this subparagraph."



This sentence obliges law enforcement authorities to advise an arrested alien of his right to consult with his consul.

Petitioner did not raise this claim on direct appeal because his attorney did not file a direct appeal on his behalf. Petitioner is claiming ineffective assistance of counsel because his counsel failed to properly represent him during his criminal pro ceeding.

The Government contends that petitioner's record reveals that he is well-schooled in police procedures and criminal proceedings. Article 36 of the Vienna Convention mandates law enforcement authorities to advise an arrested alien of his right to consult with his consul. The Vienna Convention does not state that arrested aliens with past criminal convictions should be exempted from their right to consult with their consul.

Moreover, the Government states that, "Trevino's PSR reflects that Trivino has prior convictions and arrests in this country. Trevino could likely advise counsular officials regarding an accused's rights following arrest." Basically, the Government asserts that Mexican consular Official's in giving advise to the petitioner. The above statement made by the Government implies that Mexican Consulate Officials do not Know anything about United States criminal proceedings, and that, instead, petitioner could have advised them of an accused's rights following arrest.

Petitioner contends that United States law enforcement authorities are not exempted from informing an arrested alien of his right to consular access.

The United States cannot only force other countries, who are named in the convention, to comply with the articles of the Vienna Convention, and the United states do not comply with the requirement of Article 36(b) of the Vienna Convention.

## CONCLUSION

WHEREFORE, premises considered, petioner prays that his Supplemental § 2255 Motion be granted in the best interest of justice

Date: 9-13-02

Respectfully submitted

*Jose F. Trivino*

Jose Fidel Trivino
Reg. 77403--079

## CERTIFACATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion and/or instrument was mailed this /3th day of September 2002, addressed to:

MARK M. DOWD
ASST. V.S. ATTORNEY
600 E. HARRISON ST. #201
BROWNSVILLE, TX. 78520

*Jose F. Trevino*
Jose Fidel Trivino
Reg. 77403-079   W-A
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR. 72336-9000