UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE FIDEL TREVINO
    Petitioner

v.                        Civil Action No. B-02-006
                         Criminal No. B-00-276

UNITED STATES OF AMERICA
    Respondent

## OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    **COMES NOW**, Jose Fidel Trevino, Petitioner, acting in propia persona and files this, his Objection To Magistrate Judge's Report And Recommendation. In support thereof, Petitioner states as follows:

    Petitioner timely filed his original § 2255 motion on January 14, 2002. The Court ordered the Government to respond to Petitioner's § 2255 motion by March 28, 2002. The Government sought and obtained extensions until August 5, 2002. United States Magistrate Judge Felix Recio filed his report and recommendation on September 2, 2002. It was entered by the Clerk of the Court on September 13, 2002. The report and recommendation was mailed to Petitioner on September 16, 2002, and Petitioner received it on September 19, 2002. Petitioner now timely files his Objection to Magistrate Judge's Report and Recommendation.

### ARGUMENT

**INEFFECTIVE ASSISTANCE**

    The Constitution of the United States provides that, "in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense." U.S. Constitution Amendment VI. To establish that trial counsel's assistance was ineffective, a defendant must show

that counsel's performance was deficient. This requires that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment of the U.S. Constitution. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result was reliable. See **Strickland v. Washington**, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); **U.S. v. Gipson**, 985 F.2d 212, 215 (5th Cir. 1993); **White v. Johnson**, 180 F.3d 648 (5th Cir. 1999).

Petitioner did ask his attorney to file a direct appeal on his behalf. Defense counsel told petitioner that he was not going to file the direct appeal because he did not have any issues to raise. If petitioner's counsel would have filed a notice of appeal on my behalf, he could have file an **Anders** Brief, and petitioner could have requested the Fifth Circuit Court of Appeals permission to file a pro-se supplemental brief in which he could have raised the instant issues. Petitioner was not informed by his counsel that he had ten days to file a notice of appeal. Had he known, he would have filed a pro se notice of appeal.

Petitioner's counsel failed to inform the petitioner that two of his co-conspirators cooperated with the government against him. Petitioner asked his attorney that he wanted to know if there was an informant or informants in his case, to which he replied that it appeared that there were none. Petitioner's counsel failed to investigate and properly inform the petitioner of the identity of the informants used in his case. Although petitioner's counsel developed two potential defenses of alibi and entrapment, he failed to investigate who were the informants used in petitioner's case and possibly interview them.

2

Petitioner's counsel improperly pressured him by constantly telling him of the sentence he would receive if he did not plea guilty to the charges against him. Petitioner was prejudiced by his counsel's actions because without counsel's pressure, he could have decided to take the case to trial. This action clearly demonstrates that petitioner's plea was not made knowingly, willingly and intelligently.

Petitioner's counsel told him that it was hard to deal with the Assistant U.S. Attorney handling his case. Further, he told petitioner that it would be impossible to obtain a good deal for him because the Assistant U.S. Attorney did not want to deal with him. The petitioner's counsel could have tried to deal with the U.S. Attorney or in Washington, when efforts to deal with local U.S. Attorney are impossible or fails.

**INVOLUNTARY PLEA**

Petitioner re-states his argument as stated on his original § 2255 motion and adds the following for this Court consideration.

Petitioner's plea was not knowing and voluntary. At the time he signed his plea agreement, petitioner was not informed that his sentence would be increased by four levels for allegedly playing a leadership role. Moreover, petitioner was not explained all the consequences of entering into a plea. Therefore, there can be no knowing or intelligent plea pursuant to Rule 11.

## VIENNA CONVENTION

Vienna Convention Article 36 deals with obligations to inform aliens who are arrested of the right to consult with their Consul. Article 36(b) states in part, "The said authorities shall inform the person concerned without delay of his rights under this subparagraph." This sentence obliges law enforcement authorities to advise an arrested alien of his right to consult with his consul.

Petitioner did not raise this claim on direct appeal because his attorney did not file a direct appeal on his behalf. Petitioner is claiming ineffective assistance of counsel because his counsel failed to properly represent him during his criminal proceeding.

Petitioner asserts that United States law enforcement authorities are not exempted from informing an arrested alien of his right to consular access.

## CONCLUSION

**WHEREFORE**, premises considered, Petitioner prays that his motion pursuant to 28 U.S.C. § 2255 be reinstated and that he be provided with an evidentiary hearing.

Respectfully submitted,

Date: 9-25-02

*[signature]*
Jose Fidel Trevino

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion and/or instrument was mailed this 25th day of September, 2002, addressed to:

Mark M. Dowd
Asst. U.S. Attorney
600 E. Harrison St. # 201
Brownsville, TX 78520

*Jose F. Trevino*
Jose Fidel Trevino
77403-079  W-A
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336-9000

5

## DECLARATION/AFFIDAVIT

I, Jose Fidel Trevino, Register Number 77403-079, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that:

1. I was not informed by any law enforcement officer of my right to Consular access;

2. Had I known of that right, I would have availed myself of that right; and

3. Had I been informed of that right, I would have requested the assistance of the Mexican Consulate regarding my criminal proceeding.

Done at Forrest City, Arkansas, this 25th day of September, 2002.

_____
Jose Fidel Trevino.