23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 0 7 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JOSE FIDEL TREVINO, Petitioner, | § § § |
| v. | §   CIVIL ACTION NO. B-02-006 |
| | §   CRIMINAL NO. B-00-276 |
| UNITED STATES OF AMERICA, Respondent. | § § § |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jose Fidel Trevino (Petitioner) has filed a "Notice of Appeal and Motion for Leave to File an Application for a Certificate of Appealability Pursuant to 28 U.S.C. Section 2253(c)" (Doc. # 22). This Court, in the interest of judicial economy, will construe said motion as an Application for a Certificate of Appealability.

### BACKGROUND

On July 5, 2000, Petitioner Jose Fidel Trevino was charged by indictment in the Southern District of Texas, Brownsville Division, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841 (a)(1), and 841(b)(1)(B). He was also charged with possession with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Petitioner pleaded guilty to the conspiracy count of the indictment, and acknowledged the accuracy of the information of enhancement under 18 U.S.C. § 851. In exchange for his plea of guilty to count one, the government agreed to recommend the following at sentencing: 1) that Trevino receive credit for acceptance of responsibility; 2) that Trevino be sentenced to 120 months of

1

imprisonment; 3) that his revocation sentence run concurrently with the instant sentence; and 4) that Trevino not be prosecuted for illegal re-entry.

The probation department scored the instant offense at base offense level 26, and found him to be a leader, which adjusted his score upward by four levels. The department, however, did recommend that he receive a two-level downward adjustment for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a, b), for a total offense level score of twenty-eight (28). His criminal history placed him in Criminal History Category III. However, Petitioner's 1997 conviction for a federal drug felony out of the instant court increased his statutory minimum mandatory sentence to 120 months imprisonment. Trevino did not object to the PSR.

On January 12, 2001, at sentencing, the district court adopted the PSR as written, and sentenced Trevino to the minimum statutory sentence of 120 months imprisonment, to be followed by an eight-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs. The judgment was entered January 23, 2001. His judgment became final on February 2, 2001, due to the fact that Trevino did not directly appeal his conviction or sentence. On January 14, 2002, Trevino filed a timely motion under 28 U.S.C. § 2255. On November 4, 2002, District Judge Hilda Tagle adopted the Report and Recommendation of the Magistrate Judge, and Petitioner's Application for a Writ of Habeas Corpus was denied.

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a

Certificate of Appealability ("CoA").[1] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.[2] Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.[3] Under the AEDPA, appellate review of a habeas petition is limited to the issues on which a certificate of appealability ["CoA"] is granted.[4] A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.[5]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[6] To make such a showing, the petitioner need not show that he should

---

[1] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

[2] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

[3] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

[4] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[5] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[6] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[7] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[8]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[9] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[10]

Petitioner Trevino makes no valid claims that detail a denial of a constitutional right; he only makes vague claims regarding Due Process and Equal Protection. Further, Petitioner Trevino can not show that the issues are debatable amongst reasonable jurists. He also can not

---

[7] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[8] Alexander v. Johnson, 211 F.3d at 898.

[9] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

[10] Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

prove that another court would have resolved any of the issues he raised in his § 2255 petition differently. Petitioner's 28 U.S.C. § 2255 Application was denied by the district court, and nothing in the original petition itself or the current motion entitles Petitioner to a Certificate of Appealability. Therefore, these proceedings should not proceed and Petitioner Trevino's Application for a Certificate of Appealability should be DENIED.

### RECOMMENDATION

For the reasons stated above, Petitioner Trevino's Application for a Certificate of Appealability pursuant to 28 U.S.C. § 2253 should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[11]

DONE at Brownsville, Texas, this 6th day of January, 2003.

Felix Recio
United States Magistrate Judge

---

[11] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE FIDEL TREVINO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-006 |
| | § | CRIMINAL NO. B-00-276 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation be adopted. Furthermore, Petitioner's Application for a Certificate of Appealability is hereby DENIED. The U.S. District Clerk's Office is hereby ORDERED to close this case.

DONE in Brownsville, Texas on this _____ day of _____, 2003.

_____
Hilda G. Tagle
United States District Judge