26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 2 2003

Michael N. Milby
Clerk of Court

JOSE FIDEL TREVINO

    Petitioner-Appellant

VB.         §                 Case; CA NO.B 02  006

             §              (Cr. No B 00 276)

             §           Judge FELIX RECIO

U.S.A.       §

    >>>>>>>>>>>>>><<<<<<<<<<<<<<<<<<<<<<<<

OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION ON MOTION TO VACATE, SET
ASIDE OR CORRECT SENTENCE

    NOW COMES the Petitioner, JOSE FIDEL TREVINQand Pursuant to Fed.R.Civ.
Rules 72(b), 28 U.S.C.A. § 636(b)(1) and rule 510(2) of the Local Rules for
the United States District Court for the District of Puerto Rico, respectfully
submits, the following objections to the Magistrates Report, and Recommendation, on
the Petitioners, Habeas Corpus Motion to vacate, Set Aside, or Correct Sentence.

#### 1. THE Present MOTION IS NOT PROCEDURALLY BARRED

    The Petitioner, objects, to the Magistrates, Judg's conclusion, that his
procedurally, barred in the Instant habeas Corpus motion from challenging his
sentence, under 18 U.S.C. § 924(c)(1) (Section 924(c)" or "924(c)( charge"), because
he prevsiusly, attacked, this sentence, on Direct Appeal, purportedly, on Substantially
Grounds. While, as the Magistrate Judge States, "issues disposed, of on appeal, purportedly
will not be reviewed again by way of a 28 U.S.C.A.§ 2255, Motion,"Id., this
rule requreis, that the issues, presented, on appal, and in the Habeas Corpus
motion be the same before, one acts, to operate, as a bar agains the Other.
The issues presente, din this motion, or not identical to those presented, on
DIRECT APPEAL. While the Petitioner, did attack the legality of his Sentence, on
Appeal, to the United States Couurt of Appeals, for the Fifth Circuit, he did
not contend that he was DENIED his sixth amendment right to effectiVE ASSISTANCE

of Counsel at sentencing . Indeed,the Fifth Circuit has held,that the Proper
Forum to address Ineffective assistance,of Counsel,claims,is a Collaterial
Proceeding under Section,2255,not on Direct Appeal. U.S. v. COFSKE,157 F.3d 1,2(1st
Cir 1998),cert.Dned, 526 U.S. 1059, 119 S.Ct. 1374,143 L.ed.2d 533(1999);
U.S. v. TUESTA-TORO,29 F.3d 771,776,39 Fed.R.Evid.Serv. 1201 (1st Cir 1994);
U¶S. v. JADUSINGH, 12 F.3d 1162,1169-70 (1st Cir 1994). Because,the Issue
of Counsels effectiveness has not been and Couldnot be previously, adjudicated,there
is no legal Bar to being considered,under the Present motioin.

        Nor can it properly, be concluded,that the First Circuits Decisioin,insome
Manner,acts,as an ESTOPPEL,on the Issues,RAISED therein,as the Magistrates,Report
and Recommendation,seems to imply. Simply put,this Court,and the Court,of
Appeals,have never been had the opportunity to address the Issues,presented,herein
because  they were never raised by petitioenr,trial counsel,and petitioenr,was
not provided counsel,to present them on appeal¶

        In the Fact,of the Senteicng count's Determinatin,taht adequate evidence,existed,to
sentence,the Petitioenr,for aiding and abetting a 924(c),violation,because,he
engaged,ina conspiracy with other individuals,and one,or more,of those individuals,carried
a weaopon the petitieorns,counsel failed,to object to thelegal Standard,applicable
to the Petitieonrs,charges,applied,by this Court. Counseldid not claim that
this Court was appying   the   incorrect standard nor argue,that the government
hadthe burden,to prove that the Petitioenr,inew to a "PRACTIACL CERTAINTY",that
a firearm would be used,druing the conspiracy. Furthermore,Counsel did not
requrest an evidenitary HEARING  to compel the Government to produce evidence,of
the "PRACTICAL CERTAINTYY"requiement. Therefore by virtue of CounselsINEFFECTIVENESS
,this Court was never,asked,until themotion now pending before,it,to reach
a decision,about the Propriety,of holding an EVIDENTIARY HEARING§OR THE Correct
legal STANDARD to apply to the Petitioer,conduct.  The Magistrate Jduge failed,to
recongnize,this significant differenc,ebetween the Nature,of this case,now,and
at thei time§it was on DIRECT APPEAL.

        Similarly,the Fifth Circuit never addressed either issue,on APPEAL,because
the issues,werenot Presanted in the record,before the  The Fifth Circuit,nor
in the Petitioners Pro se Brief. The Fifth Circuit was never asked,to resolve
the conflict between the Precedent set forth in U.S. V¶ RAMIREZ FERRER,82
F.3d 1149,1152 (1st Cir 1996) (allowing a defendant to be convicted,for aiding
and abetting a 924(c),violation based on a PINKERTON –Type Theory,of liability),
and that articulated,in SPINNEY,and TORRES,(requrieing the govenrment to prove
that the DefendantKNEW to a "PRACTICAL CERTAINTY", that firearms,would be
used during the Course of the conspiracy). Spinney, 65 F.3d at 238;TORRES§
14 F.3d at 103.  The record from the senteing proceedings,presented no discussion
on this Critical issue Becauswe...."COUNSEL INEFFECTIVELY FAILED TO RAISE It.

( 2 )

[T]he Petitioners Brief,IS VOID of any mention,fo the SPINNEY, While
This is very close......the Courts,seem to think....that the Evidence,clears,the
notice of "LIKELYHOOD HURDLE"...while "FACTS" point elsewhere.  'The Courts,
analysisbuilds  on the HUMAN Condition.  Jurors..."are not expected,to ignore
what is PERFECTLY Obvious,"ECHEVERRI,982 F.2d at679,but,rather,"to take full
advantage,of their collectivey experience,and common sense."O'BRIEN 14 F.3d
at 708.  These Circumstances,seem...."TO THE  COURTS"....to sustain  a finding
that spinney,was on notice that Petitioner,likely, would tote a gun in the
courts,of the upcoming robbery. See: Grubczak, 793 F.2d at 464....that Now
the Courts.......HOld MYSTIC'Powers....

The only mention of Torres ,.is a single sentence,Stateing; "[O[f course,knowledge
that a Gun  would be carried,is also requried," and,regrettably,this was an
incorrect description,of the Holding in TORRES.  Torres did not hold mere
knowlddge,is requried,but rather that the Knowledge..."Must be t a "PRACTICAL
CERTINTY"....14 F.3d at 103. Because the Fifth Circuit was never presented,with
the the conflict amaong its precedents,it never resolved,nor even considered,the
issue.  Accordingly, the Fifth Circuit decision,cannot act,a s a bar to this
Courts consideraiton,of the Petitioenrs,present motion. It is trial counsels
INEFFECTIVENESS Coupled,with the Failure TO APPOINT PETITIONER§ "APPELLATE
COUNSEL".....that resulted, IN THE Fifth Circuits failure to address these
pivotal issues.

Moreover,the Fifth Circuits,decision on the Petitioenrs,direct Appeal,DOES
NOT FORECLOSE teh present MOTION BECAUSE§OF THE INADEQUACY OF THE Record before,this
court,and the Fifth Circuit when the Matter was initially addressed. U.S.V.
BUTT   731 F.2d 75,76(1st Cir 1984). IN Butt, the Defendna tappealed,the
District courts denial of his  § 2255 motion,Challenging the COMPENTENCY OF
HIS RETAINED§COUNSEL§AND ASSERING§ AV IOLATION§OF THE PLEA Bargain. Id. The
Government argued,that the Defendants motion was foreclosed,because,these
same issues were arged,and ruled,upon in the Defendants Prior post-fconviction
motion to reduce his sentence under Fed.R.Crim.P,. 35.Id. The Fifth Circuit,,however
noted,that neitehr the Defendant nor the Govenment presented the District
Copurt with Sworn statements,at the Rule 35 Hearing, and accordingly,the Decision
of the District Court on the Rule 35 Motion could not be considered on the
adjudication,on the Merits,. Id, at p. 76.1.  Therefore,the Fifth Circuit
found that the Defendants § 2255 Claims were not foreclosed,even though the
issues,had been raised,before.Id.

Similarly,because,the Fifth Circuit,in the Caseat bar denied,the Petitioners
Appeal based solely,on its determination that a Co-conspirator,carried a friearm
and the Petitioner admitted to being one,of Co-Conspirators in the  Drug Trafficking

offense,without any evidence,on the record,sworn,and unsworn,that the Petiotioner knew to a **"PRACTICAL CERTAINTY"** that the Co-Conspirators would carry firearms,its Decision shold not be considered,an adjudication, on the Merits.

Perhapes,most significantly, as set forth in Greater detail below,teh Petitioner,was UNCONSTITUTIONALLY **denied,the Assistance, of Counsel....ON DIRECT APPEAL. Proceeding** without counsel,the Petitioner not surprisingly,lost the Direct appeal,of his sentence,in the Fifth Circuit. It was not until review of his case by the Undersigened Counsel,that Petitioenr,recognizaed,that his trial counsel...**INEFFECTIVELY REPRESENTED§HIS INTERESTS§AT THE SENTENCING** hearing,by failing to present to this court the law applicable to his case,and by Failing to request an **EVIDENTIARY HEARING§to Challenge,the Quality** to **This Court the law,applicable to his case,and by failing to request,An EVIDENTIARY HEARING TO CHALLENGE§THE** Quality of the Governments **EVIDENCE§ON The** 924(c) Charge . The Petitioner now seeks to challenge his sentence,in the Present motion, based on the Fact,that he was deneid,effective Assistance of **Counsel. Acceptance of the Magistrate Judge's Conclusion,that the Petitioern,is barred** from challenging counsel actions,because,the Petitioenr,already attakced his sentence, on **Direct appeal** would result in a violation,of **Petitioners CONSTITUTIONAL PROTECTED RIGHT TO PROCEDUREAL DUE PROCESS.** By **Failing** to prove the Petitioner,with the **Assistance,of counsel.......to Adequate defend his interests,on direct appeal........and then**-----refusinig to allow him to challenge,Trial Couasels **Actions,in the Present habeas Corpus motion,the Petitionerwould** lose the opportunity to EFFECTIVELY TEST§THE LEGALITY OF HIS SENTENCE. ------The Petitioners,Claims, are NOT PROCEDURALLY Barred,and this Court is respectfully urged,to reject the Magistrare Judge's Recommendation.

## 2. THE FIFTH Circuits Decision DID NOT "VALIDATE" trial counsels ACTIONS

**The Petitioner** objects,to teh magistrate Judge's Determination,that the Fifth Circurt Court opinion,in way validates,the Concut of the Attorneys at the Petitiorneys at the Petitieonr,sentenceing,given that;(1) it specifically states,tha the eviddnce,was sufficient to uphold guilty plea relative to the Firearms countof the indictment and (2) it found the District Courts definition,of he "AIDING AND ABETTING"...charge to be appropriate." In order for this Conclusion,to have any merit,the Fifth Circuit would have had to address the issues,now before,this Coprut,and for the reasons,discusedd,a boujve,ti did not. This Court need,not speculate on how the Court of Appeals,would have ruled,if it had properly, been presented,with the issues now at bar. Rather,this Cpourt should take a fresh view,of the Issues,uninfluenced,by the Fifth Circuits Decision.