30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 2 2003

Michael N. Milby
Clerk of Court

JOSE FIDEL TREVINO
Petitioner-

vs.                              §       Case: CA NO. B 02  006

                                 §
                                         (Cr. NO B 00 276

U.S.A.                           §       Judge  FELIX RENCIO


>>>>>>>>><<<<<<<<<<<<<<<<<<<<<<<<


DEFENDANTS MOTION FOR APPOINTMENT
OF COUNSEL NUNC PRO TUNC


NOW COMES THE DEFENDANT JOSE FIDEL TREVINO         ,pursuant to
18 U.S.C.§ 3006A (c),With 848 (a)(4)(B),and 18 U.S.C. § 3500,Compelling
of Counsel,being Compentent,Criminal,Trial,and Appellant,as Counsel,for
Appellee,NUNC PRO TUNC,With Fed.R.crim.P.Rule 44,Respectfully moves,this
Court,for Appointment NUNC PRO TUNC§THIS Date,April-18-2003.  In support
thereof,The Defendant relies,on teh affidavit of Attorney,Filed,herewith
and incorporated,herein,by Referencfe,With Fed.R.Civ.P,Rule 15(a)(b)(c)(2).


MEMORANDUM IN SUPPORT OF DEFENDANTS MOTION
FOR APPOINTMENT OF COUNSEL NUNC PRO TUNC


The Defendant JOSE FIDEL TREVINO         ,respectfully submits :
this Memorandum in support of his request,that this Honorable Court issue,anOrder
appointing,Criminal,Compentent,Trial,and Appellant NUNC PRO TUNC,to this
date,.
In Proceedings,before,Magistrate Judge,the so Alleged Incident
on the so recorded date,beingPrepostorous,being elabortated,by Prosection,
Where from the mere Fact,that no evidentiary Hearing,has come to be placed

before this Court evern though many time,requested,in **NOW MANDATED§TO BE** HEARD.

**The Goverment demanded,that Petitioner be required,to testify,under** Oath regarding his financial status,and further stated,that should he claim to have no other Assets,With Which to retain Counsel,the Government---based,on its investigation----believes,that Petitioner,would be perjuring himself. IN discussions,between the Undersigned,Counsel,and the Governments counsel,this date,the Govenrment Positions,remained,unchanged.

It is respectfully submitted,however,that the Issue,presented,before,this court is not advanced,by Requiring any statement,from Defendant,ohter than a declaration,that he has no funds,or assets,available to him to pay an attorney.

**Wherefore Petitioner,is Prayful to this Honorable Court,to the Appointment by Court Order,as Counsel,for Petitioner,NUNC PRO TUNC,henceforth,and for any other and all consideraitons,to be henceforth,Granted.**

Date; .
    May-18-2003

### CERTIFICATE OF SERVICE

I, JOSE FIDEL TREVINO        does so swear that I have so placed under penalt of Perjuty,(18 U.S.C. § 1621,With Rule 49(h),Fed.R.Crim|P,that the foregoing is true and Correct,so that a postage Paid U.S.Mails,Governemnt.

*Jose Fidel Trevino* ro se
JOSE FIDEL TREVINO
BOX 9000/ 77403-079
Forrest City,Ar.,72336

## a. DEFINITION OF AIDING AND ABETTING

The Petitioner,was charged,with Aiding and Abetting the Use,and Carrying of a firearm during the Commission of a Drug Trafficking crime, 18 U.S.C. § 924(c). To sentence him on that charge,the Govenrment had to prove,by a Preponderance of the Evidence,that the Petitioenr,knew to a **"PRACTICAL CERTAINTY"** that one other individual would be using a weapon during the Commission of the Drug trafficking offens. BALSAM,    203 F.3d at 83; SHEA,150 F.3d at 50 Spinney,65 F.3d at 238;TORRES§14 F.3d at 103; **"PRACTICAL CERTAINTY"** is a rubric that calls,for proof,vering on actual knowlddge." SPINNEY, 65 F.3d at 238.

This **MENS** rea requirment for aiding and abetting a 924(c) violation is much higher than that for co-conspirator liability under thenow famaialiar PINKERTON Standard. See; PINKERTON V. U.S. 328 U.S. 640,647-48, 66 S.ct. 1180, 90 L¶ed. 1489 (1946). UNder **PINKERTON**§A defendant will be fuilty of violating 924(c)....**IF IT WAS REASONABLY FORESEEABLE** THAT THE Defendants co-conspirator would use or carry guns,in furtherance,of the conspiracy. See Shea: 150 F.3d at 50. Because the Petitieonr,was accused,of Aiding and Abetting,a 924(c),violation,more than reasonable foreeabiliyt was requried. The Gvoenrment had the burden of establishign that the Pitioner,had actual knopwldge,and that he knew to a **"PRACTICAL CERTINTY"** that firearms would be used,during the commission,of the Drug trafficking offensnot merely,that  the use,of firearms,was reasonable·,foresee-able. See Id.; spinney,65 F.3d at 238.

In the Fifth Circuit opinion,on teh Petitioners Direct appeal,of his guilty plea and Sentence,the Court relief,on the standard for aiding and abetting qarticualted· in U.S. V. RAMIREZ FERRER,82 F.3d at 1149 (1st Cir 1996). IN RAMIREZ FERRER,the courts noted,that "either defendnatmay be convicted,of "ADING AND BETTING"....if one defendnat is found to have carried,a firearm in violation,of section 924(c),and if the Evidence,is sufgficient to infer thatthe other defendnat aided and abetted,this Conduct." 82 F.3d at 1152. Using this Standard,the Fifth Circuit affiremd,the Petitioner guilty plea to the Section 924(c)Count.  The Court held,that because,it found that Witnesses a Co-defendna tin the Same Indictment ,carred fireamr within the meanign of 924(c)(1),"the Petitioners admitted status,as Witnesses,Co-conspirator in the drug Trafficking offense is suffcent to uphold his guil;ty plea to the Fireamr count under Ramirez-FERRER.

The Ramirez-FERRER,Standard,applies,aiding and Abetting liability merely,because,a defendant is a co-conspirator, without delving into the Defendant's MENS Rea at the time of the Commission,of the Crime. In that sencs,it requries,no more than the PINKERTON,Standard....(.5..).Nowhere in the Fifth Circuits Opinion

does the Corut examine,Whether the Petitioner knew to a "PRATICAL CERTAINTY",that a firearm would be used,during the Substnative offense.  Without this analysis,the First Circuits Decison IS **INCONSISTENT with** the Standard articualred,in Spinney,and Torres,pre RAMIREZ FERRER;Cases,and later adopted in Shea andBALSAM,Post RAMIREz-FERRER Decisiosn.

The Panel deciding Ramirez-FERRER,Simple applied,an Incorrect STANDARD¶ In that case,the Defendants were convicted,o ading and abetting each other in "KNOWINLY§ AND Willfully,and intentionallly,possess[ING[ and Carry[ing] a firearm. Ramirez-FERRER§82 F.3d at 1151. As discussed,above,the Court "NOTE[d[ **in passsing" that** to convict,the Defendants on a 924(c) allegation,one defendant had to have to have carried a firearm and the other must have aided taht conduct. Id,a t 1152.  The Court did not cite any authority for this proposition. Id, The Court then proceeded,to discuss the definition,fo the term,"carry" as that wourd is used,in 924(c)Id. at 1152-1154.  The Ramirez-FERRER§Court, "FAILED TO  APPLY the requisint "practical certainty"standard,and indeed did not even acknowledge,Spinney,the seminal Case,on the Standard,for aiding and abbeting,written in 1995.  Moreover,the Court faiied  to  prove into the Defendants **MENS REA** TO SEE if they had actual knowledge" that a firearm would be used,in the commission,of the Crimes, as SPINNEY§Requried. IN the Case,at BAr,the Fifth Circuit,by relying on RAMIREZ-FERRER§Similarly,applied an Improper Standard.

## b. SUFFICIENCY OF THE EVIDENCE

The Fifth Circuit held,that "[b]ased on Witnesses carrying of firearms,we find,that the evidence is sufficient to support the Petitioner aiding and abetting the Carrying of Firearms."  The magistrate Judge Determined,that this  FINDING "IN A WAY"....validated,the Actionof the PetitionarsTrial Counsel¶ However the Fifth Circuit's finding that there was an adequate factual Predicate  **FOR THE Petitioners** sentence,was based soley on the Fact,that Co-conspirator carred a firearm and the Petitieonr,was Witnesses,admitted  Co-conspiraor.The Fifth Circuit **NEVER MADE IT NECESSARY INQUIRY into** the Petitioners state of mind. The Fifth Circuint **NEVER EXAMINED§AS IS REQURIED§BY LAW,whethe rthe Petitioner knew to a PRACTICAL CERTAINTY",that** firearms would bused,during the course of the Csonspirator.  Theformula used,by the Fifth Circuit app;leis,ading and abetting liability merely, because,a Defendant is a co-conspirator| as discussed,above,this PINKERTON-TYPE, standard of proof,is not approprate when a Defendant is charged,with Adiing and Betting a 924(c),ViolaitonShea, 150 F.3d at 50.

( 6 )

At the Sentencing  hearing,the governemnt offered,no live testimony,Sworn,affidavits or even allegations,that the Petitioners knew to a **PRACTICAL CERTAINTY** that firearms would be used,during the conspiracy.  The ONLy evidence,on the record,that Purportedly,provides,a **Factual predicate,for the Pttitioner,aiding and abetting charge,is a sentence,in  the Governments** Statement,of Facts,attahced,to the Petitieonrs,Plea Agrteement,which states,that "[D[URING THE Commission,of these offenses,the Co-conspriators carried Firearms." **HOWEVER**,these offenses,the Co= Conspirators carried,firearms." At Sentencing,the Petitieonr,specifically stanted,that he "never carried, a weapon,nor did [HE[ plan or request,that  ·[one] be used." At the Rule 11,Heaing,  the Petitioenr,stated,that he "did not possess,any firearms." **Furthermore,as discussed,above the mere fadt,that a Co-conspirator carredin firearms,is not sufficient evidence,to sentence a defendant for aiding and Abetting a 924(c),Charge.**

**The Absence,**of a factual basis to sentence,the Petitioner,on the 924(c),Charge · particularly when viewd,inlight of the Petiti4eonrs,denieals,virtualy compelled a requrest by the Petitioners Counsel,for an **EVIDENTIARY HEARING**,yet none,was requested.  Such actins,were Ineffective, because,it is objectively,unreasonable for Trial counsel**TO FAIL TO TEST THE ADEQUACY AND QUALITY OF THE EVIDENCE,** agains this client.  Such failing prejudiced,the Petitioner,becasue,he was sentenced on the 924(c) Allegation. Furthermore,because,the Petitioner,was forced to proceed **ON DIRECT APPEAL,without counsel,**he fialied to adequately, **presen to the Fifth Circuit that there was** inadequate present to The"Fifth Circuit that there was inadequate evience,to sentence him on the 924(c) Charge. Accordinly, the Fadt,that the Fifth Circuit affired,the Petitioner,sentence,does not validiate the Conduct,of the Petitioners Attorneys.

### 3. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE LEGAL STANDARD EMPLOYED BY THIS COURT

In his Report,and Recommendation, the **Magistrate Judge** stated,that "[a]ssuming,arguendc as Petitioner,states,in his Petition,.....that the Elevanth Circuit Court of Appeals simply app;lied,an improper standard of review when deciding his **DIRECT APPEAL**,it would be unfair for this Court to hold the  attorneys actions,a s **"INEFFECTIVE"** for not second-guessing the rulings,of the Eleventh Circuit Court of Appeals. " Essentially the MAGISTRATE Judge held,taht because,in his opinion,this Court applied,relevnat Eleventh Circuit Court of Appeals case law,at Petitieonr,Senteinctg Proceedding,the Petitieonr,sTrialcounsel cannot be **FOUND INEFFECTIVE FOR "FAILING"** to  **"SECNOD GUESS" a holding** of the Elevant Circuit court of appeals...

However,at the time of Senteincg on so recorded date,<u>Torres</u>,which was handed
DOWN,on January-20,1994,Was the **PROPER STANDARD** to apply,when assessing Whether
a DEFENDANT,aided,and abetted a 924(c),Violation. 14 F.3d at 103(finding a
defendant "must have known to a practical certainty that the Principal would
be usinga gun"). **Ramirez <u>FERRER</u>,Which** the Elevanth Circuit Courtof Appeals
found appleid to this Case,was not decided,until April-29-1996.  Accordingly,the
Relevant case,law,at the time,of Sentencing Was <u>Torres</u>, not <u>RAMIREZ FERRER</u>,,and
**therefore,the Government was requried,toprove that the Petitieonr,knew to
a "PRACTICAL CERTAINTY",that firearms would bused,**during the Conspiracy.
However,at The Rule 11,Change of Plea Heainr,when the Court Stated,in sum
that the Defendant will be **GUILTY OF AIDING AND ABETTING A 924(c) violatiins,if
he or she engaged,in an Illegal Activitywith other individuals,and one,or
mroe,of those individuals** carried,a weapon,trial counsel,**DID NOT OBJECT,to
the Standard,employed,by this Court.  Using** this Courts,Formula,aiding and
Abetting liability applies,merely, because,a Defendant is a Co-Cons;piraot
and it is not necessary to delve into the Defendants **MENS REA** at the time,of
the iolegal Conduct.  In that sense,it requires no more,than a mere <u>**PINKERTON-TYPE**</u>

    **Standard of Review.**

    **However,as discussed,above,**a PInkerton,Theory,of liabiliyt for aiding
and abetting is not the appropriate Standard in the context,of a 924(c),Violation.<u>Shea</u>
150 F.3d at 50. Rather,courts,requrie a much higher **MENS REA** requirement. Id.
The Government had to establihs that the Petitioner,had"actual KNOWLEDGE"
and Knew  to a **"PRATICAL CERTAINTY"** that  firearms would bused,during the
Commission of the Drug Trafficking offense.  **Spinney**,65 F.3d at 238.

    **When,**the Petitieonrs,Counsel learned,at the Rule 11 Change,of Plea Hearing,that
the Court Was applying a <u>**PINKERTON-Type**</u> Stndard,of Liability,to thePetiioners,offense,they
fialiedto object to the Use,of that standard and did not advise,this Court
At senteincging of he "PRACTICAL CERATAINTY",requriement needed to establsih
That the Petitioenr,aided and Abetted a firearm change.  The Proper  Standard
had been articuleated by theElevanth Circuit of Courts of Appealsof the Approprate
leagalrules at Senteincg,  Failure to do so substantially prejducied,the Petitioner
Because,the Court senbtenced, him based,upon an improper leagal Standard,<u>Vancol</u>,916
F.Supp at 377.


        **4. THE STANDARD OF REVIEW APPLIED,BY THE**
        <u>**ELEVENTH CIRCUIT WAS INCORRECT**</u>


    The Magistrate judge "REFUSED"....to "second guess" the Standard

of review applied by the Eleventh Circuit Cuourt of Appeals on the **PETITIONERS§**
**DIRECT APPEAL,**because,he·· found that the Court appleid, relevant,binding case,law,namely
RAMIREZ FERRER,to the Facts before,it.  Any "INCONSISTENCIES" between the Eleventh Circuit·
Court of Appeals cases,on the matter,the Magistrate Judge held,result "FROM
THE FACTS that in some of the Case,law the Court is addressings the particular
language,of Section 924(c)(1),(in particular the **"Carry"** prong,of the same),while
in the other cases,it is analyzing the MENS Rea prong of 924(c) (which does
not iteslf,contain specific language relative tosaid Element).  "Assumign that
this is true,the Eleventh Circuit Court of Appeals **IMPROPERLY APPLIED** Ramirez-FERRER,to
**the to the Petitioner,** case because,as the Magistrate Judge notes,Ramirez-FERRER§"discuss[es
the'carry' prong of 18 U.S.C.A. § 924(c)(1),not "the issue,of**PRACTICAL CERTAINTY**"
related,to the **MENS REA** of aiding and abetting of firearms violaiton" as addressed··
in **SPINNEY ,Shea,** and **Torres.** **Despite the Fact,that the** Eleventh Circuit devoted,much
of its opinion,to a Diecussion,of the "CARRY" Prong,of 924(c),the petitioner
was not charged,with Directly, violating 924(c),the Petitioenrwas charged, as
an Aider and Abettor,in a 924(c) violation.  Therefore,the **PINKERTON -TYPE** liability
imposed,under  RAMIREZ FERRER, **was not the binding proecedent,on the Eleventh**
**Circuit·Courtof appeals** at the time,but rather the **"PRACTICAL CERTAINTY"** Standard,of
**Spinney ,SHEA,** and **Torres,**  should have been applied.


5. **THE MAGISTRATEE JUDGE FAILED§to address**
   **THE FACT THAT THE Petitioenrs,due PROCESS RIGHTS**
   **WERE VIOLATED§WHEN HE WAS DENIED§ASSISTANCE OF COUNSEL**
   **ON HIS DIRECT APPEAL**

     The **magistrate Judge·even,failed,to address the Petiutioner,argument**
that he is entitled,to have his sentence,on the  924(c),Charge,Vacated,set aside,or
CORRECTED§because,he was **Denied assistance of Counsel,on His direct appeal.**
**thie issue,is discussed, in the Plaintiffs SUPPLEMENTAL MEMORANDUM,of LAW in**
**support of Amendment to the Petitioner** Pro se Habeas Corpus Motin to Vacate,SET
ASide,or Correct Sentence,at pages 21 through 27,and in Petitioenrs,Reply to
the United·States of America's Response,to Petitioenrs,motion to Vacate Sentence,under
Sentence, 2255 at Pages 7 through 8.  The Petitioner respectfully directs,this
Courts Attention to those Sections,of his Memorandua.
        Essentially,the Petitioner,maintains,that the Due Process Clause,of the

Clause of the **Fourteenth Amendment** **to the UNITED** States Constitutional Guaranteed,**him**
**effective Assistance,of Counsel,on** HIS DIRECT APPEAL, "**As OF RIGHT**" Evitts V.
LUCEY, **469 U.S.** 387,396, 105 S.ct. 830,83 L.Ed.2d 821 (1985). **Effective Assistnade,of**
**Appellate** Counsel,is in many ways,more necessary than that of Trialcounsel. Pro-Se
Appellants,obviously, do not have the Wealth of Knowledge of Required,**JURISPRUDENCE**
to effectively present appellate arguments. The Petitieonr,never, waived,this
Right nor invoked HIS RIGHT TO SELF-REPRESENTATION¶ **Faretta v. CALIFORNIA 422**
**U.S. 806, 835**,95 S.ct. 2525,45 L.ed.2d 562 (1975). Nevertheless,Counsel,was
never APPOINTED§FOR HIM **AND HE WAS "FORCED"** to proceed "PRO-SE". **As a result**
**the Petitioner "FAILED TOADEQUATELY PRESENT THE RELEVANT ISSUES to THE ELVEANTH**
**Circuit Court of Appeals,DUE "TOTALLY" to THE WANTON GROSS ABUSE§OF DISCRETION"**
**by the Trial Court,and Court of Appeals of Eleventh Circuit,to Totality of Circumstances**
**absent all Justifications,on His Appeal, as is Recorded to be mandated,to an**
**En Banc Hearing,and on to the United States Supreme Court,for Santions to the**
**Lower courts. The Significant prejudice suffered,by the Petitioner as a result**
of This DueProcess Violaitn,is readily apparent. The Eleventh Circuits Court
of appeals decision,on Direct Appeal,in Which the Petitioner was unrepresented,is
being erected,as an obstacle to a review ,of the substnative issues,presented,in
this motion. had the Petitioenr,received,the counsel to Which he was entitled,on
Direct Appeal,it is submtited,thata very different,Elevanth Circuit Court of
appeals,opinion,would ahve been rendered,and ,at a minimum,the Court of Appeals,Would
have had the opportunity to resolve,ethe issues,now before,this Court.

## C O N C L U S I O N

     Based on the Objections,set forth herein,as Well as the Arguments and
Authroities,presented,in the Petitioenr,prior filings,with this Court,the Petitioner
Respectfully requests,that this Honorable Cout to reject,the Magistrates Report,and
Recommendation,grant the Petitioner AN EVIDENTIARY HEARING,ON THIS MOTION,(if
This Court deems one necessary),and grant the Petitioner,Motion to Vacate Sentence,
Under Section, 2255. IN the Alternative,this Coourt us urged,to remand,the matter
to the Magistrate Judge tomake further findings,AND/OR IMMEIDATE RELEASE,TO
AND OF Petitioner,BY Complete Vindicatin,of PetITIONER,of any and all Alleagations
so drafted,by THIS IMMEDIATE RELEASE,AND FOR ANY OTHER AND ALL Further Considerations
to be made availalbe.
Date;Febuary-18-2003
     May-18-2003          CERTIFICATE OF Service

I,JOSE FIDEL TREVINOo so swear  that I have so placed a copy to the U.S.Mials,
                              ( 11 )
                              (

to the Government,haveing done so   under the Penalty of Perjury (18 U.S.C. §
1621,and Rule 49(b),Fe.dR.Crim.P,that the foregoing is true,and correct,and
that a copy has been palced to the U.S.Mials,accordingly¶

*Jose Fidel Trevino* pro se
JOSE FIDEL TREVINO
Box 9000/ 77403-079
Forrest City,Ar.,72336