UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 7 2003

Michael N. Milby
Clerk of Court

JOSE FIDEL TREVINO

    Petitioner

               *

VS.          *          Case; C.A.NO.B 02  006

                *          CR. NO.B 00 276

                         Judge FELIX RECIO

                *

U.S.A.

======

**MOTION FOR NEW TRIAL AND INCORPORATED,
MEMORANDUM OF LAW—DURESS/MISTAKE**

    NOW COMES,the Defendant JOSE FIDEL TREVINO,and hereby Moves,thisHonorable Court,to vacate His convictions,and Order,a New Trial,Pursuant to Fed.R.Crim.P,Rule 33,and 34,for an Arrest of Judgment and Rule 29 Judgment of Acquittal.

    In support thereof,Counsel¡States,the Following:

### I. INTRODUCTION

    ON so recorded Date,JOSE FIDEL TREVINO,pleaded guilty to allegations,and Other Charges,to developed,in Clear Violaiton,of a Restraining Order,from Conduct,which allegedly, occurred on so recorded date,and for Which he was arraigned,on so recorded date.  He was immediatly, sentenced,to the Current Term,of which he was arraigned,and now serving at F.C.I.Forrest City,Arkansas. His "Change of Plea,under Rule 11, and Sentencing from Actions,by his Counsels...where "IT WAS "HIT" and Run..."following a Hearing held,pursuant to Federal Rules of Criminal Procedure,accordingly, after which the Court ordered,that the Defendant be detained.

    It is respectfully submitted,that an adequate Plea Colloquy would have established that the Defendant was charging his plea based upon duress,and

and threats,as Well as LIES...being Blantant,to intimadation,and the mistaken belief,that this Was his best,and ONLY; OPTION¿ The Change of Plea Colloquy Fed.R.Crim.P,Rule (c)(1) Where Repondent,"CAN Obtain" federal Habeas Corpus Relief,"ONLY" if his custody,is in Violation,of the Federal Constitution..¿"AS IT IS"...TOWNSEND V. Sain,372 U.S. 293, 9 L.ed.2d 770, see ALSO 21 Am.Jur.2d Crim.Law, 469,485,and 501-505; with 39 Am¿Jur.2d Habeas Corpus 53.5. Where a PLEA-RESTS,is anysignificant ...as in the IMMEDIATE INSTANCE; degree on a Promis or agreement,of the Prosecutor,or Defense,so that it can be said to be Part of the Inducment,or Consideration,such PROMISE "MUST BE FULLFIDLED"!!! U.S.V. JUREIDINI,846 F.2d 964,965-66(4th 1990);U.S. V. KURKCULER 918 F.2d 295 (1st Cir 1990); U.S.V Conner,930 F.2d 1076(4th Cir 1991);U.S.V. HAMEY 791 F.2d 294( (4th Cir 1986); U.S. v¿ KHAN 920 F.2d 1100 (2nd Cir 1990);AND H.S.D V. URREGO, 879 F.2d 1234 (4th Cir 1989); YOUNG V. U.S.,747 F.Supp 305 (E.D.N¿Y¿ 1990): U.S. V¿ PADEN,908 F.2d 1229(5th Cir:1990).by the Court.

  More Importantly,NO Mitigating evidence was offered,by his Counsel at sentencing and NO Pre-sentence,investigation,was ever performed. Had an Adequate PSYCHIATRIC EVALUATION, been performed,and Presented,to the Court,it is certain that the Court Would have at least imposed,a Lesser Sentence.

## II¿ B A C K G R O U N D

  ON or about so recorded date,the Defendant was arrested,and Charnged,With Allegations, accordingly which allegedly, occurred on so recorded date. The Alleged Vicitn,was the Defendants girlfriend,with whom Defendnat resided,at.
  The Defendant was also charged,With Violating a Number of other Orders,accordingl or the given date,the Day,it was issued,for allegedly,contacting the party,by cellphones. The DefendanT WAS ARRAIGNED;IN SO NAMED;TOWN;AND District Court on so recorded date,and Was held,without bail,pending a 58A Hearing which was scheduled,for ao recorded date.

## III¿ A R G U M E N T

  A New Trial,may be Granted,Generally on Two Grounds...: (A) If it appears...as indeed it has,that Justice might not have been done,: and (b) If there has been NEWLY; DISCOVERED; Evidence,Fed.R.Crim.P,Rule16as indeed there has: K¿Smith,K.Smith Criminal Practice,and Procedure 2d,Volume 30A £ 2066,(hereinafter "Smith")¿ A Motion for a New Trial is the Proper method to be used,by a Defendant,Who is challenging the Validity,of his guilty Plea.

( 2 )

COM V. FANELLI, 412 Mass. 497,504,590 N¿Ed.2d 186 (1992); Com V. PINGARO, 44 Mass. App.Ct. 41,47-48, 693 N¿ed.2d 690(1997).

The Granting of such a Motions, is Within the Sound, discretion, of the Judge. Smith,At £ 2065. "While the Proper Exercise,of this Discretion,does not include actions,Which are arbitrary,Frivolous,or contrary,to law,it necessarily,includes,the felibility to consider the case,as a Whole to assess,the Weight of the Evidence,and to bring the interest of Justice,to Bear." ID.

When an Issue,is of Constitutional Dimensions, a Hearing, may be requried. Com V. LICATA,,412 Mass. 654,660-61, 591 N¿E.2d 672 (1992).

While ordinarily, we defer to the Discretion of a Trial Judge on Whether a motion for a New Trial requries an EVIDENTIARY HEARING,see:FOGARTY V¿ COM,406 Mass. 103,107-110 111,546 N¿Ed.2d 546 N¿E.2d 354 (1989); The allegations,in the Defendants affidavit,if true,raise serious issues,as to the adequacy of the appointed,Trial coursels interest,in preparing and Conducting the Defense. Thus,in these Unusual Circumstances,we believe it would be IN THE INTEREST OF JUSTICE,that the Defendant's substantial showing on an Issue,of Constitutional importance,(THE EFFECTIVE ASSISTANCE¡OF COUNSEL),be heard. See; COM V. steward,383 Mass¿253,257-258,418 N¿Ed.2d 1219 (1981) (interpreting rule 30[c][3]. See: ALSO COM V. MEGGS,£ 30 Mass.App.Ct.111,565 (N.Ed.2d 1249(1991). (Substantial Issues raised by Motion and affidavits,requries,EVIDENTIARY HEARING).

ççççççççççç

IN order TO PROVE "INEFFECTIVE ASSISTANCE of Counsel,the Defendant "MUST SHOW...as indeed he has...that Counsel's Performance,fell"MEASURABLY" below,' that Which might be expected,from an Ordinarily,fallable Lawyer,' and that this Performance,'likely,deprived,the Defendant.' Com V. SAFERIAN, 366 Mass. 89,96 315 N.Ed.2d 878 (1974).

LICATA, 412 Mass.at 660-61,591 N¿ed.2d at 676.

All of the Factors,and considerations,are present in the CASE AT BAR. It appears that the Defendant did not receive adequate information,from his attorney to be able to freely,voluntarily,and Willingly, enter an Admission,or Plea. "A right fundamental to a Fair Trial must be waived knowingly, and Intelligently,SCHNECKLOTH V. BUTSAMONTE,412 U.S. 218,235-246, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)." COM V¿ FREEMAN,29 Mass.App.Ct. 635,640,564 N¿ed.2d 11(1990).

( 3 )

Lastly, the GOVERNMENT is not prejudiced by the allowance, of this Motion. There has been no trial,no Motions,Hearing,No Motions,filed,and Minimal Discovery Provided. It is difficult to imagine a case,Wherein the commonwealth did so little.

### A. THE GOVERNMENT CANNOT PROVE¡THAT THE DEFENDANTS GUILTY PLEA WAS VOLUNTARY¡KNOWING,AND INTELLIGENT

The Government bears,the Burden....of Proving that a GUILTY Plea,is VOLUNTARY,INTELLIGENT¡AND KNOWING,Com. V¿ DUQUETTE,386 Mass. 834,841-43,438 N¿Ed.2d 334(1982). In the Instant Case,there is no tape recording or transcription of the Change,of Plea Colloquy. Accordingly the Plea Colloquy,will need to be Reconstructed,inorder,to determine,.whether teh court made the appropriate inquires,to determine,whether the Defendants was under duress,and made a Voluntary,knowing,and Intelligent Waiver of his constitutional Rights. GOVERNMENT V. PINGARO, 44 Mass.App.Ct. 41,47-48,693 N.ed.2d 690 (19970;COM V. FOSTER 368 Mass.100,108,330 N.ed.2d 155(1975).

Even Assusming the Change,of Plea Colloquy can be RECONSTRUCTED¡IT IS LIKELY¡ TO SUPPORT the Defendants,Position,that he was UNDER DURESS,and did not have an EVIDENTIARY HEARING....or the appropriate amount of time,to consider,his options,and discuss strategy. Unlike the above-referenced,Cases,the the Docket will show a case,that was commenced,on so given date, a 58A Hearing,which was held,on so given date,and change,of Plea Which occurred on so given date. Obiviously, the Defendant was given very little time,to reflect upon the nature,of the charges,investigating any defenses,he may have and potential strategies,for resolving the case,including obtaining expert psychiatric testimony.

It is Well settled,that Defendant, is entitled,to effective assistance,of counsel,During ANY CHANGE¡OF PLEA Hearing,and in the advice Precipitating,any Change,of Plea Hearing¡Com V. MOREAU, 30 Mass.App.ct. 677,679,572 N¿Ed.2d 1382(1991). HERE,There was little or no advice,offered,by Counsel,at a CRITICAL STAGE in teh Defendants,Plea was not based upon any Investigation,of the Case. The Decision,to proceed,to Change,the Defendants Plea Was not based upon any investigation,of the Case,or experience,but upon the MISTAKEN PERCEPTION that something needed,to be done,to resolve,the case,on so recorded date. This CAN HARDLY,Be characterized,as EFFECTIVE ASSISTANCE¿ More,importantly,

( 4 )

**Where evidence has shown, that the Defendants PSYCHIATRIC CONDITION; WAS EFFECTING his decision makding process; it was incumbent, on the Court not only, to ascertain the extent, of any psychiatric impairment, effecting (the Defendant), but to explain to him, that his PSYCHIATRIC CONDITION; COULD FORM A DEFENSE; or Valuable mitigating evidence.**

**Accordingly,** this Court, is respectfuly urged, to order a NEW Trial to Enable the Defendant to present expert Psychiatric Testimony, to the Court.

### B. DEFENSE COUNSEL; WAS INEFFECTIVE IN FAILING TO CONSIDER AND RAISE ISSUES; RELATING TO THE DEFENDANTS PSYCHIATRIC CONDITION PRIOR TO AND AT HIS SENTENCING HEARING:

**IN short, Defense, Counsel,** utterly, Failed, to investigate, any **PSYCHIATRIC BASIS, for [THE Defendant's] alleged behavior.** This evidence, would have provided, the Court with Valuable mitigation, evidence, Which would ahve reduced, the Defendants sentence.

It is **WELL SETTLED; that INEFFECTIVE ASSISTANCE; OF COUNSEL,** at the Sentencing Stage, of a criminal Case, Will **"RESULT IN A REVERSAL OF DEFENDANTS Conviction".** COM V. CAMERON, 31 Mass.App.ct. 928, 930, 577 N¿ed.2d 1016 (1991); Com V. LYKUS, 406 Mass. 135, 144-46, 546 N¿ed.2d 159(1989). In Cameron, the Defendants Counsel¿¿¿¿"FAILED" to make any arbument, at the Sentceing Stage, of the Case, except to say.."THAT'WE place ourselves, at the Mercy of the court." Id. IN **LYKUS, the Supreme Court, Judicial Court, in Quoting** the United State Supreme Cout, in concluding that [S[ENTENCING is a critical stage, of a criminal Proceeding, at which the Defendant, is entitled, to the EFFECTIVE ASSISTANCE, OF COUNSEL." 406 Mass. at 145; **Gardner V. FLORIDA,** 430 U.S. 349, 358, 97 S.ct. 1197, 51 L.ed.2d 393(1977). The **LYKUS,** Court opioned, that a Sentencing Judge, is **"ENCOURAGED"** to take such mitigating factos, into considerations, at Senteincg as the Defendánts behaviro, Family life, and employment." Id. at 166 Mass.R.Crim.P, 28(b), (Affording Defense counsel, asn Opportunity, to "present information, inmitigation, of Punishment.").

The Appeals, Court in **GAMERON, Further described, DEFENDANTS "RIGHT AT SENTENCING"** to the aid of counsel.." in **marshalling the Fact...** introducing evidenc, eof mitigating circumstances, and in general iading and assisting the Defendant, to present his case, as to sentenc."31 Mass.App.Ct. at 93o; Quopting **MEMPHA V. RHAY,** 38( U.S. 128, 135, 88 S.Ct. 254, 19 L.ed.2d 336 (1967).

( 5 )

More importantly, in the **INSTANT CASE**, there was no opportunity, for the court, to have gleaned, the mitigating Factors, from the Record, without the ASSISTANCE, OF Counsel COM V. MAMAY, 407 Mass. 412,425,553 N.ed.2d 945 (1990) (Sentencing Presentation was not ineffective Where sentencing Judge Presided over trial, and lengthy motions, hereing regarding Defendants, **PSYCHIATRIC CONDITION.**); Com V. CROKEN, 20000 WL 33180494 (Mass.Super.ct. 20000). Here the Case, was less, than Two weeks old, and the Court had presided, over a Brief, 58A hHearing at Which neither Defense counsel or the Prosecutor introduced, **EVIDENCE, of the PSYCHIATRIC CONDITION. The Court has no information, in its Posession, at the time, of sentencing which** related, to the Defendants PSYCHIATRIC CONDITION. **Therefore, the Court was left, to conclude that the Defendant was an Abusive persons, Without any explanation, for the AGGRAVATING CIRCUMSTANCES, Which the Curt MUST HAVE CLEARLY, Determined, existed. [The Defendant] was never advised, by Counsel....¿THAT MITIGATING Psychiatric EVIDENCE¡ would assist him at sentencing and NONE WAS PRESENTED.** CoM V. MILTON¡ 49 Mass App.ct. 552,560, 731 N;ed.2d 101 (2000)(Failure to investigate Insanity, defense, Falls BELOW LEVER OF COMPENTENCE, demanded OF ATTORNEY); CoM V. COM CABAN, 48 Mass. App.Ct. 179,181,718 N;Ed.2d 882.(1999)(Counsel must fully Investigage case, even IF PLEA IS CONTEMPLATED).

### III. C O N C L U S I O N

For the Foregoing Reasons, the Defendant, PARYAS¡ THAT THIS Honorable Court allow this Motion.
Date; May-18-2003

### CERTIFICATE OF SERVICE

I¡ JOSE FIDEL TREVINO, do so swear that I have so placed a copy to U.S.Mails¡ TO THE Govenrment, having done, so under Penalty of Perjury (18 U.S.C. £ 1621, With Rule 49(b), Fed.R.Crim.P that the foregoing is true, and Correct, and that a copy has been placed to the U.S.Mails, Accordingly.

_____Pro se
JOSE FIDEL TREVINO
Box 9000/77403-079
Forrest City, Ar., 72336