UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 8 2003

Michael N. Milby
Clerk of Court

JOSE FIDEL TREVINO

    Petitioner,

Vs.

case: C.A. NO1B-02-006

CR. NO.B.-00-276

U.S.A.

=============

## MOTION FOR NEW Trial—DRUGS—CONSPIRACY

    NOW COMES the Defendant, JOSE FIDEL TREVINO  ‿, pursuant to Rule 33, Fed.R.Crim. P, and Respectfully Moves, this Honorable Courtto Grant Him a New Trial, or FOR AN Acquittal Rule 29, and Rule 34 Arrest of Judgment so mandated, in the Interest, of Justice, and Would show Cause, as Follows:

    1) The Defendant was convicted, in a Jury Trial, on so recorded date, of the Crimes, of Possessio, With intent to distribute Narcotics; for a single Count...to be so alleged, distribution to Narcotics, Identical Count; Conspiracy, to pssess, With intent, to Distribute; distribution of narcotic, and Possession, of narcotic, and with intent, to distribute. The Defendant was remaned, to custody, and remains, therein as the Date, of the Filing of this Motion.

    2) The Court Erred, in a Knowing, and Willfull Manner, confirming PREJUDICE; FROM AN ABuse of Discretion, to so defeat the interest, of Justice, by denying the Defendants Rule 29 Motions, for Judgment of Acquittal, Made at the conclusion, of the Govenrments Case, and also at the conclusion, of all the evidence, there being insufficient evidednce, to sustain a conviction, for any offense, enumerated, in Paragraph, I, herein.

    3) the Verdict, is contrary, to the Weight, of the Eviddnce, and law.

    4) The Verdict, is not supported, by Substantial Evidence, and Law.

    5) The Court, sadly, and Knowingly, by Willful Intent ERRED, in overruling Defendatns; Ofjections, to the Courts Refusal, to instruct, the Jury, that they must first find, that a conspirafcy, existed, and a co-conspiractors statement, under Rule 801(d)(2)(E), confirming Prejudice, by the Trial court, and Abuse of Discretion as the Court took the Position, that once, A PETROZZIELLO Determination had been

found adversely, to the Defendnt, no further instructions, as to the Conspiracy finding need be made to the Jury, nor was the Defendant entitled, to have them instructed, that they must find the Conspiracy and Defendants participated, before, such Co-Consñpirators statements, could be considered, See; <u>UNITED STATES V¿ PETTROZZIELLO</u> 548 F.2d 20 (1st cir. 1977).

6) The Court Erred, in denying, being Prejudicial, and ABUSE OF Discretion, as Knowingly, and Willfully, not in the interest of Justice, for Mistrial, made at the Instance, of Testimony, by D.E.A. Agent,. He ststified, that Witnesses, cooperated with the Government, and /or traveled, to Tampa Florida, to investigage,"**DOCUMENTED VIOLATIORS, that Term, in and of itself, created, sucha an Aura of Prejudice Indicating Collateral Crimes, by the Defendant that Despite the Attempt** by the Court, as **"CURATIVE INSTRUCTIONS"** theDefendant was denied, due Process of Law, and a Fair Trial. The Prejudice to the Defendant was enhanced, Especially, in light of the Insignificant weight of the Evidence, AND THE apparent, difficulty, that the Jury had in Reaching verdicts, as to Each count. This difficulty, is illustated, by the Five -hour deliberations, and the nature, of the Mutiplicitous Questions, which were delivered, to the Court during those deliberations.

7) The Court, **KNOWINGLY¡AND Willfully, by Prejudice, fromABuse of Discretion, ERRED...** in Permitting Co-Conspirator Statement, in the **"FORM OF HEARSAY"**..to be admitted purportedly, Pursuan tto Fed.R.Evid. 801(d)(2)(E), Prior to any showin of substantial evidence of a Conspiracy, and the Defendants Participation, in it. Said Participation, was never shown, during the Governemnts case, tothe Degree requried, by PETTOZZIELLO¡Especally as the evidence, pertained, to the Defendant. As such, the hearsay, Should be stricken, and the Defendants, ordered, a New Trial, without the insidious effect, of the **PREJUDICIAL ALLEGATIONS¡Attirubged, to Co-Defendants.**

8) the Court Erred, **KNOWINGLY¡WILLFULLY¡BEING Prejudicial, and By Abuse of Discretion,** by Admitting over Objections, of the Defendants, tape recordings, that were to a Great Extend, tfraught, with unintelligible, remarks, and responses.

The tape recordings, were further complicated, by a Number of Conversations, in Frech, only approximately, 30% of Which were able to be translated, by an Acknowledged. **LINGUISTICS EXPERT¿** The Effect, of Said Unintelligible tape recordings, on the jury was incalculable and Crated, an atmosphere, of guesswork, supposition, and unsupported, inference, which deprived, the Defendant herein, of the Presumptioin, of Innocence, and a Fair Trial. Especially, noteworth, as to the Tapes, is the Fact, that except for their admission, into evidence, the only evidence, of this Defendants Participation, in any illegal Act, comes from the Direct Testimony, of Cooperation Individual Witnesses. That individual was a Govenrment witness who was **ESPECIALLY RIPE¡FOR "IMPEACHMENT".** Even his direct testimony exonerated, the Defendant, from many acts, that would otherwise have been determined, to be complicous.

( 2 )

9) The Court erred,When the Court itself,Without election by the Jury,and over the objections of the Defendant,selected,Juror,No. 1 to Act,as the foreperson,of the foreperson,of the Jury. Such action,violated,the historical function,of a jury in their selection,of a foreman to preside,over deliberations,and injected,the court into part,of the deliberations,of the Jury,over whihc the Court should exercise,no power or design.

10) The Court erred inoverruling the Defendnats objection,and request,that the witness,so recorded,be instructed,not to discuss his testimopny,withany agent of the Covernment or attorney,in thecase.

11) The Court erred under **PETROZZIELLO**,and its Progeny in overruling each and every objectins,made by the Defendant as to the Hearsay nature,of testimony form alleged Coconspirators,prior to a finding that a conspiracy,had been proven,and the Defendants Participation,init.

12) The Court erred in instructing the Jury as to teh Vicarious Liability of a co-conspirator for acts,committed sfter the Conspiracy has been shown,or,as the same is commonly, called,the **PINKERTON** Instuction. The effect,of such an Instruction amounts,to a **Directed JUDGMENT;of guilt** if,infact,the jury found that a conspiracyc existed,and the Defendnat Participated,in it. In the **CASE AT BAR**,there was simply **NO EVIDENCE** that the **Defendant remained,in a conspiracy,(if any existed,before),after [that] dates os recorded.** NEvertheless,the Court instructed,the Jurythat they may find,the Defendant guilty of Those substantive Offenses,which occurred on so recorded date,although the Evidence,clearly showed,no participation,by the Defendant in teh activities,of co-Defendants so named,and others. Such an Instruciton eviscerates,the time,honored,burden,of Proof,in any criminal Case. Such instruction also acts,to undermine,the very system which presumes **EACH DEFENDANT INNOCENT;Unless** and until the Government Proves,the Guilty beyond a **Reasonable doubt.** That **instuction alone,so PREJUDICED Defendants in this Case,so as to Deprive him of due** Process of Law,and a fair trial.

13) The Court erred in overruling the Defendants,objections,and requests that the Requests,that the Jury not be permitted to take only,the Transcripts,or secondary eviddnce,of the Tape recordings,to thejury room. This imposed,upon them the added,burden of requesting to see or to hear,the Primary evidence;

The Tape recordings,themselves. Expecially damning about this Procedure is that the Transcripts,were shown,at Various times,to contain inaccuracies, Inaudibilities,and other Shortcomings. They were pure **HEARSAY,of What some government,AGent said he or she** Heard,on the tapes. The jury came out on some occasions,and axked,for a short,playback of one tape,and never requested,to hear another tape. Yet,they continued,to take the transcripts,back with them

into the jury room. At one point the Jury requested, a clarification, as to initials, that appeared, next to an alleged statement, on the transcripts itself. Clearly, the Jury, contrary to the initials, that appeared, next to an alleged statement, on the Strascript itself. Clearly, the Jury, contrary, to the Courts Instructions, relief, on the Transcripts, rather than the tapes. Constributing to this misplaced reliance, was the Courts refusal to permit the Tapes recordings, and a tape player, to be taken to the Jury room, together with the Purported, transcripts. Such refusal, in light to the very critical nature, of tape recordings, herein, deprived, the defendnats of due Process of Law, and a Fair Trial.

14) The Cumulative Errors, represented, in Paragraphs, 1 - 13, above amount to a denial of Procedureal, and **SUBSTANTIVE DUE PROCESS, as Well as of the Sixth and Fourteenth Amendment to the United states Constitution: This is especially True, in light of the Minimal Weight and Qualtify, of Claim.**

Wherefore, PEtitioenrs, is prayfuyl to this Honorable Body, so taht this Motion, will be heard, for complet, and full Vindication, of Petitioner, asWell Immediate Release, with Full exhoneration, of any and all allegations, and for any other and full consideraitns, to be so absolved.

Date; May-18-2003

### CERTIFICATE OF SERVICE

I, JOSE FIDEL TREVINO    , do so **swear that Under Penalty of Penalty** of Perjury (18 U.S.C. £ 1621, With Rule 49(b), Fed.R.Crim.P, that the foregoing is correct, and true and that Petitioner, has so placed to the U.S.Mails, a Copy to the U.S.Govenrment.

*Jose Fidel Trevino*
JOSE FIDEL TREVINO
Box 9000/ 77403-079
Forrest City, AR., 72336