*41*

United States District Court
Southern District of Texas
ENTERED

JUN 0 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

JOSE FIDEL TREVINO,　　　　§
Petitioner,　　　　　　　　　§
　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　§　　CIVIL ACTION NO. B-02-006
　　　　　　　　　　　　　　§　　CRIMINAL NO. B-00-276
UNITED STATES OF AMERICA,　§
Respondent.　　　　　　　　　§

## O R D E R

Before the Court are the following motions in the above referenced cause of action:

1)   Petitioner's "Motion for Federal Rules of Criminal Procedure Rule 35(a)(b), with Rule 32(a)(1), and 21 U.S.C.A. Section 851(b) Sentencing Compliance" (Doc. # 27);

2)   Petitioner's "Motion to Dismiss Indictment – Government Misconduct and Pre-Indictment Delay" (Doc. # 28);

3)   Petitioner's "Motion to Dismiss Indictment for Abuse of the Grand Jury and Prosecutorial Misconduct" (Doc. # 29);

4)   Petitioner's "Motion for Appointment of Counsel Nunc Pro Tunc" (Doc. # 30);

5)   Petitioner's "Motion to Dismiss Indictment – Prosecution was Brought for an Improper Purpose" (Doc. # 31);

6)   Petitioner's "Motion for New Trial and Incorporated, Memorandum of Law – Duress/Mistake" (Doc. # 32);

7)   Petitioner's "Motion to Vacate Judgment and Plea" (Doc. # 33);

8)   Petitioner's "Motion for Subpoena Duces Tecum" (Doc. # 34); and

9)    Petitioner's "Motion to Dismiss Indictment – Duplicity and Vagueness" (Doc. # 35).

## BACKGROUND

On July 5, 2000, Petitioner Jose Fidel Trevino was charged by indictment in the Southern District of Texas, Brownsville Division, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841 (a)(1), and 841(b)(1)(B). He was also charged with possession with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Petitioner pleaded guilty to the conspiracy count of the indictment, and acknowledged the accuracy of the information of enhancement under 18 U.S.C. § 851. In exchange for his plea of guilty to count one, the government agreed to recommend the following at sentencing: 1) that Trevino receive credit for acceptance of responsibility; 2) that Trevino be sentenced to 120 months of imprisonment; 3) that his revocation sentence run concurrently with the instant sentence; and 4) that Trevino not be prosecuted for illegal re-entry.

The probation department scored the instant offense at base offense level 26, and found him to be a leader, which adjusted his score upward by four levels. The department, however, did recommend that he receive a two-level downward adjustment for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a, b), for a total offense level score of twenty-eight (28). His criminal history placed him in Criminal History Category III. However, Petitioner's 1997 conviction for a federal drug felony out of the instant court increased his statutory minimum mandatory sentence to 120 months imprisonment. Trevino did not object to the PSR.

On January 12, 2001, at sentencing, the district court adopted the PSR as written, and sentenced Trevino to the minimum statutory sentence of 120 months imprisonment, to be

followed by an eight-year term of supervised release. He was also ordered to pay $100.00 in

mandatory costs. The judgment was entered January 23, 2001. His judgment became final on

February 2, 2001, due to the fact that Trevino did not directly appeal his conviction or sentence.

On January 14, 2002, Trevino filed a timely motion under 28 U.S.C. Section 2255, which

became cause number B-02cv006. Trevino's petition was denied by written order on November

4, 2002 (Doc. # 21). Petitioner Trevino applied for a Certificate of Appealability (CoA), which

also was denied by written order on February 13, 2003 (Doc. # 24). Petitioner has since filed the

above- referenced motions.

All of Petitioner's Motion are untimely as to this cause of action. Petitioner has been

denied relief by the district court on his application for habeas corpus relief pursuant to 28 U.S.C.

Section 2255. Further, Petitioner Trevino's application for a Certificate of Appealability (CoA)

was also denied. Petitioner may appeal the district court's denial of his application for a

Certificate of Appealability, but any further motions regarding the constitutionality of his

conviction and sentence in cause number B-02cv006 at the district court level are untimely.

Therefore, all of Petitioner's motions are hereby DENIED without prejudice. Additionally,

Petitioner must obtain leave of court prior to filing any other motions in this case. The United

States District Clerk's Office is hereby ORDERED to close this case.

DONE at Brownsville, Texas, this _3rd_ day of June, 2003.


Felix Recio
United States Magistrate Judge